## Allshouse v. Kelly, Appellant.

*Will—Probate—Undue influence—Devisavit vel non.*

The mere fact, without more, that a testator gave the greater part of his estate to a woman with whom he had sustained illicit relations, and by whom he had a child born after his death, does not of itself furnish sufficient evidence of coercion or restraint in connection with the making of the will.

Where evidence has been offered showing some moral or physical constraint operating on the mind of the testator at the time the will was made, such circumstances as those above referred to may properly be considered in an issue of this kind; but to allow a jury from such circumstances alone to defeat a disposition a testator has made of his property, would be in open disregard of the unquestioned right which everyone master of himself has to give his property to whom he pleases.

Argued Nov. 13, 1907. Appeal, No. 204, Oct. T., 1907, by defendant, from judgment of C. P. No. 2, Allegheny Co., July T., 1907, No. 122, on verdict for plaintiffs in case of George D. Allshouse, Jr., et al. v. Catherine Davis Kelly.

Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Reversed.

Issue devisavit vel non.   Before SHAFER, J.
The opinion of the Supreme Court states the facts.
The court refused binding instructions for defendant.
Verdict and judgment for plaintiffs.   Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*Albert York Smith*, for appellant.—Undue influence, however used, must, in order to avoid a will, destroy the free agency of the testator at the time and in the very act of making the testament : Englert v. Englert, 198 Pa. 326 ; Trost v. Dingler, 118 Pa. 259 ; Thompson v. Kyner, 65 Pa. 368; Eckert v. Flowry, 43 Pa. 46 ; McMahon v. Ryan, 20 Pa. 329 ; Tawney v. Long, 76 Pa. 106 ; Robinson v. Robinson, 203 Pa. 400.

*R. A. Balph*, with him *James Balph*, for appellees.—The case of Dean v. Negley, 41 Pa. 312, is in its facts exactly like the case at bar, except that the case here has additional facts, tending to show undue influence.

See also Main et al. v. Ryder, 84 Pa. 217; Johnson's Est., 159 Pa. 630 ; Herster v. Herster, 116 Pa. 612 ; Wilson v. Mitchell, 101 Pa. 495 ; Miller's App., 179 Pa. 645; Reichenbach v. Ruddach, 127 Pa. 564.

OPINION BY MR. JUSTICE STEWART, January 6, 1908 :

There was but a single question in this case,—was the paper purporting to be the will of George Allshouse the product of an undue constraining influence exerted upon the testator's mind at the time of its execution, or was it the expression of his own individual wishes in regard to the disposition of his property ?   The paper was written by the testator himself, and executed at the office of a magistrate, a personal friend, in the presence of two subscribing witnesses, neither of whom is a beneficiary thereunder, and neither of whom is shown to have had any relation whatever with any of the parties

interested. It was a substitute for a will which made like distribution, and which the testator had written and exhibited to his friend, the magistrate, a week or ten days before, differing only from the one contested in form of expression. The suggestion of undue influence in connection with the making of the will springs from the fact that the principal beneficiary, the defendant in the issue, is a woman with whom the testator, for several years before his death, sustained illicit relations, the fruit of which was a child born to the woman after the testator's death. The testator had been divorced from his wife some two years before the making of the will, and was living apart from her, and apart from the four sons, who had been born to them in wedlock, all of whom had arrived at manhood. Under the will, legacies small in amount were given the sons, and the entire remainder of the estate was given the paramour. While it is entirely natural that circumstances such as we have here, should excite suspicion in a way to lead to inquiry and investigation, yet of themselves they furnish no sufficient evidence of coercion or constraint in connection with the making of the will : Rudy v. Ulrich, 69 Pa. 177. Where evidence has been offered showing some moral or physical constraint operating on the mind of the testator at the time the will was made, such circumstances as those above referred to may properly be considered in an issue of this kind ; but to allow a jury from such circumstances alone to defeat a disposition a testator has made of his property, would be in open disregard of the unquestioned right which everyone master of himself has to give his property to whom he pleases. So far as appears, this testator, in making his will, was interfered with by no one, even to the extent of a request that he would make a will ; none of the beneficiaries were present at the execution of the will ; it was executed where the testator was free from all physical restraint, and it is not shown that the defendant had any knowledge of the existence of the will until after the testator's death. Whatever may be said in condemnation of the relation sustained by the testator to the defendant on the ground of its immorality, and the likelihood of such relation resulting in family estrangement, with impairment of individual character, none of these things of themselves can operate

to defeat a will giving to the partner in guilt a share of the estate, be it large or small, where the testator at the time of making the will was master of himself.   There is not a particle of evidence in this case to warrant an inference that the testator was in any degree subjected to the will or power of another in the act of disposing of his estate.   The case called for a summary disposition by an affirmance of defendant's first point, which asked the court to say that under the testimony the verdict should be for the defendant.

Judgment reversed.