# Chidester's Estate.

*Wills—Testamentary capacity—Expert opinion—Undue influence—*
*Professional relations between beneficiary and decedent.*

1. An issue devisavit vel non will be denied where it appears that
the decedent, at the time of the execution of the will and codicil in
question, was conducting her own affairs, transacting her business,
knew her properties, her relatives and her friends, and knew what she
wanted to do with them, and that it was not until six months after the
execution of the codicil that she gave up her attendance on her busi-
ness and about one year after that she began to act strangely. In
such a case neither the fact that decedent was extravagant and for-
getful nor the opinions of experts have much weight.

2. The fact that the two chief beneficiaries under a will may have
sustained close business and professional relations with the testatrix
does not shift the burden to them of proving that they did not exert
undue influence where the will and codicil were both prepared by the
attorney of the testatrix from information which she gave him and

were executed by her in his presence and that of his two office associates alone, who, with him, witnessed their execution.

3. The mere fact that a decedent had meretricious relations with one of the chief beneficiaries in her will, does not in itself furnish sufficient evidence of coercion or restraint by such beneficiary in the making of the will.

Argued Feb. 1, 1910. Appeal, No. 218, Jan. T., 1909, by Ida M. MacArthur from decree, of O. C. Phila. Co., April T., 1908, No. 777, refusing an issue devisavit vel non in estate of Lizzie E. Chidester. Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Petition for an issue devisavit vel non.

The facts appear in the opinion of the Supreme Court.

*Error assigned* was decree refusing an issue.

*James G. Gordon*, with him *Claude L. Roth, George W. Coles* and *Frederick J. Shoyer*, for appellant.—The testimony relating to the mental and physical condition of decedent after August 1, 1906, is relevant and material as a basis for an inference as to her condition at the time of making the codicil: Herster v. Herster, 122 Pa. 239; Leech v. Leech, 21 Pa. 67; Delafield v. Parish, 25 N. Y. 9; Chappell v. Trent, 90 Va. 849 (19 S. E. Repr. 314).

There was a presumption of undue influence: Robinson v. Robinson, 203 Pa. 400; Armor's Est., 154 Pa. 517; Boyd v. Boyd, 66 Pa. 283.

Where there are sufficient circumstances to warrant an inference of undue influence, positive evidence is not required: Reichenbach v. Ruddach, 127 Pa. 564; Bryant v. Pierce, 95 Wis. 331 (70 N. W. Repr. 297); Miller's App., 179 Pa. 645; Miller v. Miller, 187 Pa. 572; Friend's Est., 198 Pa. 363; Robinson v. Robinson, 203 Pa. 400; Herster v. Herster, 116 Pa. 612; Adams's Est., 220 Pa. 531; Caven v. Agnew, 186 Pa. 314.

*Theodore F. Jenkins* and *John C. Bell*, with them *I. Hazelton Mirkil* and *Francis E. Brewster*, for appellees.—Testa-

mentary capacity is presumed and the contrary must be shown to entitle a caveator to an issue: McMaster's v. Blair, 29 Pa. 298; Grubbs v. McDonald, 91 Pa. 236; Palmer's Est., 219 Pa. 303; Friend's Est., 198 Pa. 363.

The facts and circumstances are the primary evidence upon which a jury must rely and not the opinion of witnesses as to soundness of mind or capacity to make a will: Browne v. Molliston, 3 Whart. 129; Irish v. Smith, 8 S. & R. 573; Tasker's Est., 205 Pa. 455; Roche v. Wegge, 202 Pa. 169; Draper's Est., 215 Pa. 314; Kane's Est., 206 Pa. 204; Richmond's Est., 206 Pa. 219; Fuller's Est., 222 Pa. 182; Morgan's Est., 219 Pa. 355; Alexander's Est., 206 Pa. 47; Roberts v. Clemens, 202 Pa. 198; Teed's Est., 225 Pa. 633; Trust Co. v. McCrew, 219 Pa. 606; Cauffman v. Long, 82 Pa. 72; Ferner v. Byers, 219 Pa. 160; Moyer's Est., 220 Pa. 356; Leech v. Leech, 21 Pa. 67; Stevenson v. Stevenson, 33 Pa. 469.

The burden of proving undue influence is upon the contestants: Herster v. Herster, 122 Pa. 239; Miller v. Oestrich, 157 Pa. 264; Douglass' Est., 162 Pa. 567; Messner v. Elliott, 184 Pa. 41; Trust Co. v. McCrew, 219 Pa. 606; Tawney v. Long, 76 Pa. 106; Heilbrun's Est., 27 W. N. C. 375; Yorke's Est., 185 Pa. 61; Adams's Est., 220 Pa. 531; Masterson v. Berndt, 207 Pa. 284.


PER CURIAM, March 28, 1910:

One of the questions passed upon by the court below in disposing of the application for an issue devisavit vel non was the sufficiency of the proofs submitted by the appellant as to the alleged testamentary incapacity of the testatrix. If those proofs failed to show lack of testamentary capacity at the time the will and codicil were executed, it was immaterial that subsequently her mind may have become so impaired that she was not capable of intelligently disposing of her property. The will was executed in January, 1905, though dated April 20, 1904, and the codicil was signed August 1, 1906. That testatrix had full testamentary capacity at the time she executed these instruments was an inevitable conclusion from the testimony, a recital of which is not called for here. The learned

judge who heard it, after reciting the facts established by it, correctly concluded: "It would seem to the Judge who has heard this case an affectation almost to refer to the authorities to show that the decedent had testamentary capacity at the time she executed this will and codicil. She was conducting her affairs, transacting her business, knew her properties, her relatives and her friends, and knew what she wanted to do with them. No one at that time ever questioned her capacity, nor thought of disregarding her orders or resisting her control; and it was not until six months after the execution of the codicil that she gave up her attendance in her business, and about a year after when she began to act strangely. She was, in the minds of those who did business with her, a woman of unusual ability, and the fact that she may have wasted some of her money in extravagant purchases (a weakness common to so many of her sex), that she made memoranda of things she was unfamiliar with, as the things used in the stable, that she complained of her head occasionally, that she was forgetful, and the opinion of experts, have very little weight in such a case. (Morgan's Est., 219 Pa. 355.) In the evidence heard, the expert testimony given by eminent physicians who testified for the contestants was neutralized by the testimony of equally eminent physicians, who testified to the opposite conclusion as experts for the proponents, and even without that their conclusions, founded as they were on suppositions and opposed by the facts of the case, could not have weight enough to sustain a verdict. The issue as to testamentary capacity must be denied." These conclusions were concurred in by the entire court in banc. Equally insufficient were the proofs as to undue influence. The two chief beneficiaries may have sustained close business and professional relations with the testatrix, which might have enabled them to exert undue influence, but the burden was not shifted to them to prove that they had not exerted it, for the uncontradicted testimony is that the will and codicil were both prepared by the attorney of the testatrix from information which she gave him and were executed by her in his presence and that of his two office associates alone, who, with him, witnessed their execution.

There was no testimony that the beneficiaries knew their contents or that they were in existence until some time after they had been executed. If there were meretricious relations with one of the beneficiaries, they did not in themselves furnish sufficient evidence of coercion or constraint: Allshouse v. Kelly, 219 Pa. 652. The appeal is dismissed and the decree of the court below affirmed at the costs of appellant.