## Cressman's Estate.

*Wills—Issue devisavit vel non—Testamentary capacity—Undue influence—Meretricious relations—Devisee.*

A petition for an issue devisavit vel non on the ground of undue influence and want of testamentary capacity was properly dismissed, where it appeared that the testator died at the age of seventy-five leaving but one lineal descendant, a grandson, the contestant; that for three years prior to testator's death he boarded with Mrs. W.; that more than two years before his death he made his will devising his real estate to his grandson, with the condition that if he should die unmarried and without issue and without leaving a widow before he became twenty-one years of age, the property so devised should go to Mrs. W., to whom testator bequeathed the remainder of his estate; that on the day he executed his will testator went alone to the office of a justice of the peace and in his presence and that of his clerk, stated what disposition he wished made of his estate, that he had lost confidence in his grandson and wished to reward Mrs. W. for her care and kindness while he boarded at her home; that he returned to the office of the justice of the peace alone several hours later, read the will and it was read to him item by item, expressed his satisfaction with it and signed it in the presence of two disinterested witnesses; and where the allegations in the petition that testator's mind had been impaired by disease, and that he was readily influenced by Mrs. W., with whom he had maintained a meretricious relation, and that she had induced him to destroy a former will in favor of his grandson and by constraint and domination had secured the making of the will in question, were denied by the answer and were not supported by satisfactory evidence.

Argued May 4, 1914. Appeal, No. 40, Jan. T., 1914, by Furman Engler, Guardian ad litem of Melvin F. Engler, a minor, from decree of O. C., Northampton Co., dismissing petition for issue devisavit vel non in estate

CRESSMAN'S ESTATE.

of Jacob S. Cressman, deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Af-firmed.

Petition for issue devisavit vel non. Before STEW-ART, J.

The opinion of the Supreme Court states the facts.

The court dismissed the petition. Furman Engler, guardian ad litem of Melvin F. Engler, minor grandchild of decedent, appealed.

*Error assigned,* among others, was in dismissing the petition for an issue.

*H. M. Hagerman,* with him *Thomas Danner,* for appellant.

*Herbert F. Laub,* of *Smith, Paff and Laub,* for appellee.

PER CURIAM, July 1, 1914:

This appeal is from an order dismissing a petition for an issue devisavit vel non which was asked for on the grounds of want of testamentary capacity and of the exercise of undue influence. The undisputed facts were that the testator died at the age of seventy-five, four years after the death of his wife and daughter, leaving personal estate, after the payment of debts, of $3,500 and real estate worth approximately $2,500, and but one lineal descendant, a grandson, the contestant, who was a minor. After his wife's death the testator had sold his home and lived for a time with his niece, and during the last three years of his life he boarded with Mrs. Werkheiser, a widow, sixty-eight years of age. His will was made more than two years before his death and by it he gave a small legacy in trust for the care of his cemetery lot, directed that his son-in-law should not, under any circumstances, receive a part of his estate, devised his

real estate to his grandson with a condition that if he should die unmarried and without issue, and without leaving a widow before he became twenty-one years of age, the real estate devised to him should go to Mrs. Werkheiser, to whom he bequeathed the remainder of his estate. On the day he executed his will, he went alone to the office of a justice of the peace, with whom he had business relations and in his presence and that of his clerk, he stated what his estate consisted of, and what disposition he wished to make of it and explained to them that he wished his son-in-law to have no part of his property because he had been unkind to his wife, that he had lost confidence in his grandson and that he wished to reward Mrs. Werkheiser for her care and kindness while he had boarded at her house and that he expected to live with her the rest of his life. He returned to the office of the justice of the peace alone, several hours later, and read the will and it was read to him item by item and he expressed his satisfaction with it, and signed it in the presence of two disinterested witnesses who were called in for the purpose.

In the petition for an issue it was alleged that the testator's mind had been impaired by disease and that he was readily influenced by Mrs. Werkheiser with whom he had maintained a meretricious relation and that she had induced him to destroy a former will in favor of his grandson and by constraint and domination had secured the making of the will in question. There was no satisfactory evidence in support of these allegations and all of them were denied. It was shown that the decedent transacted his own business, consisting of the collection of interest and rents, the repair of his houses and the payment of his bills, insurance premiums and taxes and that he frequently visited his friends and relatives and was visited by them. If the existence of a meretricious relation had been established it would not of itself have been sufficient evidence of coercion or restraint in connection with the making of the will: Allshouse v. Kelly,

219 Pa. 652. The circumstances under which the will was made indicate most clearly that the testator's mind was not at that time under domination or control and there was no satisfactory evidence of domination or control at any prior time. The learned judge of the Orphans' Court carefully considered the voluminous testimony taken and we fully concur in the conclusion he reached, that a verdict against the will could not be properly sustained.

The order appealed from is affirmed at the cost of the appellant.