## Omrcanin *v.* Hassler, et al.

Argued May 8, 1972, before Judge CRUMLISH, JR., sitting as trial judge.

*Jack Brian,* with him *Richard, Brian, DiSanti & Hamilton,* for plaintiff.

*Benjamin Frank,* with him *Edgar R. Casper,* for defendant.

OPINION BY JUDGE CRUMLISH, JR., July 26, 1972:

This action is brought by Ivo Omrcanin, a professor at Indiana University of Pennsylvania, against William W. Hassler in his capacity as the University President, and the members of the Board of Trustees of the University. Plaintiff, who had been dismissed from his position by the University in 1969 and reinstated by the Pennsylvania Superintendent of Public Instruction (now Secretary of the Department of Education) in January 1970, alleges that since his reinstatement the defendants have maliciously and vindictively conducted a campaign of harassment, the object being to force him to resign. More specifically, plaintiff alleges that he has been assigned projects outside his area of professional competence; that no other faculty member received similar assignments; that defendant Hassler has made defamatory statements about him; that he had been denied academic freedom in his work; that he was assigned unsuitable and demeaning office space; and that he was maliciously denied sabbatical leave, summer teaching assignments, salary increments and travel grants. These allegations were denied by the defendants.

An evidentiary hearing was held by this Court, during which plaintiff presented his case, pro se. At the end of his presentation, the Court granted a motion for

nonsuit excluding the allegations that defendant Hassler assigned plaintiff, and him alone, projects outside his area of professional competence, and that he had made defamatory statements about him, with the intention of forcing his resignation. Nonsuit as to all allegations was granted on motion of the members of the Board of Trustees.

Defendant presented testimony on the surviving issues, after which he moved to dismiss plaintiff's complaint. A defendant's motion for dismissal being substantially identical to a motion for nonsuit is a request for a finding that plaintiff has failed to present sufficient evidence to sustain his complaint. *See,* Act of March 11, 1875, P. L. 6, §1, 12 P.S. §645. Thus, the latest motion in effect asks for a reconsideration of the prior motion for nonsuit. We will treat it accordingly.

Where a nonsuit is sought, the evidence must be construed most favorably to plaintiff, and so it will be entered only in a clear case, where plaintiff cannot recover under any interpretation of the evidence. *Schwartz v. Urban Redevelopment Authority,* 411 Pa. 530, 192 A. 2d 371 (1963). This is such a case.

The Court allowed plaintiff every opportunity to establish his alleged cause of action. It permitted him extraordinary latitude in the questioning of witnesses and the presentation of evidence, provided him unprecedented assistance in structuring his case, delayed ruling on a motion for nonsuit and recessed the hearing so that he could restructure his presentation.

Plaintiff has been given liberal opportunity to adduce evidence supportive of his complaint, through cross-examination of the defense witnesses who were called to testify on the specific issues left in question. Again he failed.

After searching review of the lengthy record, it is obvious to this Court that neither the evidence produced

by plaintiff in his case in chief, nor the evidence adduced by defense testimony, when construed most favorably to plaintiff, is sufficient to sustain his complaint. The Court therefore vacates its order of May 9, 1972, insofar as it denied the motion as to paragraphs 9, 10, 11, 11(a), 11(b) and 11(c) of the Complaint. Nonsuit is entered as to the complaint in toto.

The Court's endless efforts to provide plaintiff with every opportunity to prove his case were met at every turn by his dilatory and juvenile antics. It is the opinion of the Court that plaintiff plagued the hearing with needless delay, his unwarranted disregard of ordinary decency, courtesy and decorum, punctuated continually by intentional and vindictive attacks upon defendant, his counsel, and witnesses for both sides is reprehensible. For this reason, costs in this action will be assessed against plaintiff. Accordingly, the Court issues the following

### ORDER

AND Now, this 26th day of July, 1972, the order of the Court of May 9, 1972, denying a motion of nonsuit with respect to paragraphs 9, 10, 11, 11(a), 11(b) and 11(c) of the Complaint of Ivo Omrcanin is hereby vacated; nonsuit is hereby entered to the complaint of Ivo Omrcanin; costs to be paid by Ivo Omrcanin.