461 A.2d 1327

**Paul HOPKINS,**

v.

**Frank STEPLER, Appellant.**

Superior Court of Pennsylvania.

Argued March 15, 1983.

Filed June 24, 1983.

---

374

Fronefield Crawford, Jr., West Chester, for appellant.

Michael D. Carr, West Chester, submitted a brief on behalf of appellee.

Before CERCONE, President Judge and ROWLEY and CIRILLO, JJ.

PER CURIAM:

One Paul Hopkins, appellee, filed a complaint in equity against Frank Stepler, his neighbor, who kept eight German Shepherd dogs on his property.[1] The complaint set forth the appellant's dogs as causing a nuisance to appellee because of continuous "barking, yelping, and howling," which disturbed appellee and his family. Appellee prayed

(a) that the defendant be adjoined [sic] from making or causing or permitting to be made the noises on their premises complained of;

(b) that the defendant be compelled to move the kennels and runs to another location on his property which is not audible from plaintiff's premises;

(c) that the defendant be compelled to pay the costs and legal expenses occurred [sic] by the plaintiffs in bringing this suit; and

(d) such other relief as the court deems proper in these circumstances.

---

[1] At the time of trial, two dogs had died.

After a full hearing on the complaint, and a visit to the neighborhood involved, the chancellor granted relief to appellee by rendering a decree nisi:

... [I]t is hereby ordered and decreed that defendant Frank Stepler shall maintain no more than three (3) dogs on his property. During the day, two (2) of the three (3) dogs may run at large in and around defendant's yard and the third dog must be kept in the pen and run furthermost from plaintiff's home and situated southwestwardly from the defendant's residence. Between the hours of 8:00 p.m. and 8:00 a.m. (prevailing time) all three dogs must be kept in defendant's residence. Parties to pay their own costs.

Appellant Frank Stepler argues on appeal that the lower court erred in making certain findings of fact, in concluding that the dogs were an enjoinable nuisance, in finding the plaintiffs were persons of ordinary sensibilities, and in ordering the defendant to maintain no more than three dogs on his property.

 Our scope of review in this case is well-settled. A chancellor's findings of fact will not be disturbed on appeal where there is adequate evidence in the record to support those findings. *Gilmore v. Northeast Dodge Co., Inc.,* 278 Pa.Superior Ct. 209, 420 A.2d 504 (1980). Even meager or uncorroborated evidence will support the chancellor's findings if the evidence is of record and properly before the court. *Eldridge v. Melcher,* 226 Pa.Superior Ct. 381, 313 A.2d 750 (1973). Where the evidence is contradictory, the chancellor's findings will be given greater weight, since he must necessarily pass on the credibility of witnesses.

 We have examined the record and the opinion of the lower court and we find that except for the court's inaccurate tally of how many neighbors testified on appellee's behalf, and its finding that "Plaintiff repeatedly requested defendant to abate the noise", that the court's findings are substantiated by the record. Three witnesses in addition to appellee and his wife constituted appellee's case against the

appellant. And, the record reveals that appellee requested appellant to control his dogs only once, in 1978. However, we decline to find that these inaccuracies warrant the grant of a new trial. We are also inclined to agree with the lower court that the evidence portrayed the dogs as an enjoinable nuisance.

However, it is from the lower court's remedy that we must depart. In all cases, the appropriateness of a particular form of relief is to be tested by balancing the seriousness of the injury against the cost of avoiding it and the importance of the conduct causing it. *Dexter v. Bebenek*, 458 Pa. 1, 327 A.2d 38, 39 (1974). We note that in no instance did appellee ever request that the chancellor order appellant to get rid of any of his dogs. Such a plea does not appear in the complaint, nor in testimony. On the contrary, appellee was desirous of having the noise of the barking dogs stopped and in having the dog runs moved further from appellee's property. The court's decree grants the requested relief by ordering that all dogs be kept in appellant's residence between 8:00 p.m. and 8:00 a.m. In addition, only two dogs may run free in appellant's yard. (Appellant's property comprises 3.9 acres.) The two older dogs were described by appellant as not expected to live very long. Because the four younger and most noisy dogs are now two years older than at the time of the hearing, and because we feel that compelling appellant to get rid of three dogs is unduly harsh, we choose to modify the lower court's order.[2] We, therefore, eliminate the part of the decree which orders appellant to reduce the number of his dogs to three, and modify the second sentence to read "during the day, two (2) of the six (6) dogs may run at large in and around defendant's yard and the other four (4) dogs must be kept in the pen and run furthermost from plaintiff's home and situated southwestwardly from the defend-

2. An appellate court may affirm, modify, vacate, set aside or reverse any order brought before it for review, and may remand the matter and direct the entry of such appropriate order, or require such further proceedings to be had as may be just under the circumstances. 42 Pa.C.S.A. § 706.

ant's residence." In all other respects, the decree shall stand.

Decree vacated and remanded for the entry by the lower court of a modified decree for plaintiff consistent with this opinion. Jurisdiction is relinquished.