496 A.2d 1237

**In the ESTATE of Hazel M. SELLERS, Deceased, Late of the Borough of Hastings, County of Cambria and State of Pennsylvania.**

**Appeal of Rebecca McANDREWS, Roberta Snyder and the Estate of Robert Sibert Who Died July 18, 1982.**

Superior Court of Pennsylvania.

Argued March 13, 1985.

Filed Aug. 9, 1985.

James A. Nelson, Assistant District Attorney, Ebensburg, for appellants.

Francis J. Leaney, Ebensburg, for appellee.

Before BECK, POPOVICH and HANDLER *, JJ.

BECK, Judge:

This is an appeal from an order of the Court of Common Pleas of Cambria County distributing decedent's property. Hazel M. Sellers died testate on October 28, 1975. She was survived by a brother, William Sibert, and two sisters, Pauline Frontino and Dorothy Sibert. Three other brothers predeceased Sellers; each brother left surviving children. Decedent's Last Will and Testament, dated March 19, 1953, provided in pertinent part:

> . . . . .
>
> SECOND: All the rest, residue and remainder of my estate, real, personal, and mixed, of which I die seized or possessed, or to which I may be entitled at the time of my death, and wheresoever situate, I give, devise and bequeath unto my mother, JOSEPHINE SIBERT, and to my brothers and sisters, namely: EDWARD SIBERT, WILLIAM SIBERT, DOROTHY SIBERT, PAULINE FRONTINO, ROBERT SIBERT, AND DONALD SI-

---

* Judge Earl R. Handler, Senior Judge of the Court of Common Pleas of Indiana County, is sitting by designation.

BERT, to have and to hold absolutely, share and share alike. In the event that my mother should predecease me, then her share shall be divided equally among my brothers and sisters.

. . . . .

Josephine Sibert also predeceased the decedent. Pauline Frontino, executrix of the decedent's estate, filed a proposed distribution of the estate. Frontino, William Sibert and Dorothy Sibert were listed as the proposed distributees. The children of Edward Sibert, one of the predeceased brothers, objected to the list of proposed distributees. The trial court held that the bequests to the brothers who predeceased the testatrix lapsed by operation of the will and by operation of law. Exceptions were filed and subsequently denied by the court en banc.

Appellants present two issues for our review:

1) Since Edward Sibert, Donald Sibert and Robert Sibert predeceased the decedent, do their respective shares of the estate devolve to their children?

2) Did the trial court err in holding that a class gift was intended when extrinsic evidence outside the Will was introduced into testimony that making the gift of bonds to some nieces and nephews necessarily excluded other nieces and nephews?

We view these two questions as different aspects of one ultimate issue: Do the bequests to the brothers who predeceased the testatrix lapse, with the result that their shares go to their surviving siblings? The trial court answered this question in the affirmative. We disagree and therefore reverse.

"It is, of course, a cardinal rule that a will is to be construed according to the intent of the testator." *Hamilton Estate*, 454 Pa. 495, 312 A.2d 373, 374 (1973). Testatrix provided in her will for the contingency that her mother would not survive her, but the will contains no provision stating what should happen if any of her brothers and sisters should predecease her. In other words, the will is

silent on the very question before us, at least as far as express provisions are concerned. We must therefore seek further guidance in ascertaining the testatrix' intent.

In 20 Pa.C.S. § 2514, the Pennsylvania legislature enacted a series of rules of construction to assist in discerning the intent of a testator. The statute provides that wills shall be construed in accordance with these rules "[i]n the absence of a contrary intent appearing therein." Subsection (9) is an anti-lapse provision; it states that in the absence of such contrary intent,

> A devise or bequest to a child or other issue of the testator or to his brother or sister or to a child of his brother or sister whether designated by name or as one of a class shall not lapse if the beneficiary shall fail to survive the testator and shall leave issue surviving the testator but shall pass to such surviving issue who shall take per stirpes the share which their deceased ancestor would have taken had he survived the testator: Provided, That such a devise or bequest to a brother or sister or to the child of a brother or sister shall lapse to the extent to which it will pass to the testator's spouse or issue as a part of the residuary estate or under the intestate laws.

The trial court held that sufficient evidence of a contrary intent had been adduced via testimony establishing that the testatrix during her lifetime had given bonds to all of her nieces and nephews except for the children of Edward Sibert, the appellants here. The court concluded that this evidence demonstrated that the testatrix did not intend for her nieces and nephews to share in her estate and that she provided for those nieces and nephews for whom she wished to provide through inter vivos gifts.

■■■ We hold that the trial court must be reversed for several reasons. First, the court erred in considering extrinsic evidence in determining whether a contrary intent existed. The trial court cites *Estate of Corbett*, 430 Pa. 54, 241 A.2d 524 (1968) as authority for the proposition that a contrary intent may be inferred from extrinsic evidence of the testator's wishes. We do not read *Corbett* as authoriz-

ing the court to rely on extrinsic evidence and we further hold that the statute itself does not permit such an approach. Section 2514 states, "In the absence of a contrary intent *appearing therein,* wills shall be construed...." "Appearing therein" clearly means "appearing in the will," and the language would be surplusage if the use of extrinsic evidence were permitted. *Corbett* holds that the contrary intent need not be manifested by express language providing for the disposition of lapsed bequests, but it "can be deduced by implication from other aspects *of the will.*" 430 Pa. at 61, 241 A.2d at 527 (emphasis added). *Corbett* allows the contrary intent to be implied rather than expressly stated but the focus is still on the provisions of the will. In fact *Corbett* also states that "[t]he general rule ... appears to be that the intention of the testator to render the statute inoperative must be plainly indicated." *Id.*

This last principle was reiterated in *Estate of Kehler,* 488 Pa. 165, 411 A.2d 748 (1980), wherein our Supreme Court held that the contrary intent needed to overcome the operation of section 2514(9) must be shown with "reasonable certainty." In *Kehler* the testator's will left his residuary estate to his brother and three sisters "and to the survivor or survivors of them, equally, share and share alike." The court held that the phrase "and to the survivor or survivors of them" did not establish a contrary intent with reasonable certainty. *Kehler* is similar to the instant case in that the testator's will contained express lapse provisions with respect to other bequests. The Supreme Court found this fact to be relevant in ascertaining the testator's intent with respect to the bequest at issue. Although the construction of one will is not automatically controlling as to a different will because no two wills are identical, the Supreme Court's reasoning in *Kehler* is highly persuasive because the factual similarities between *Kehler* and the instant case are strong. In the case sub judice, there is nothing in the language of the will which indicates at all, let alone with reasonable certainty, that the testatrix intended to avoid the application of the anti-lapse statute.

 There is another more general reason why the trial court's use of extrinsic evidence was improper in this case. Although a will is said to speak as though executed immediately before the testator's death, *see e.g., In re Laughlin's Estate,* 336 Pa. 529, 9 A.2d 383 (1939); *see also* 20 Pa.C.S. § 2514(1), that rule refers to the operation and effect of the will, not to determinations of the testator's intent. In ascertaining the testator's intention the will is to be construed as of the date of its execution. *In re Klein's Estate,* 429 Pa. 27, 239 A.2d 464 (1968); *In re Parkin's Will,* 157 Pa.Super. 476, 43 A.2d 595 (1945). Testatrix executed her will in 1953. The earliest of the gifts of bonds was made in 1960. Therefore it was not proper to consider this evidence as probative of what the testatrix intended in 1953 when she executed her will.

The trial court also held that the anti-lapse provision does not apply because Paragraph Second of the testatrix' will constituted a class gift to her siblings. The court cited 20 Pa.C.S. § 2514(4), which states that the time for ascertaining a class is "when the devise or bequest is to take effect in enjoyment." Since the bequest was to take effect in enjoyment at the time of the testatrix' death, the court held that the predeceased siblings were not members of the class.

 We believe that this holding of the trial court is based on a misreading of the statute. Section 2514(4), which the court cites, is inapposite to this case because it refers only to classes defined in terms of "heirs," "next of kin," "relatives," and the like. A similar class determination rule is stated in subsection (5) of section 2514, but it contains the proviso "except that the issue then living of any member of the class who is then dead shall take per stirpes the share which their deceased ancestor would have taken if he had been living." This exception is simply a restatement of the anti-lapse provision and its operation. Moreover, the anti-lapse provision itself, section 2514(9), states that it applies "whether [the beneficiary is] designated by name or as one of a class."

The reason for this coordination of the class ascertainment rule and the anti-lapse provision is obvious. If the exception in section 2514(5) and the corresponding language in section 2514(9) were omitted, the absurd result would follow that the anti-lapse provision would never apply to the benefit of the beneficiary's issue because the predeceased beneficiary would be simply excluded from the class by operation of law. Sound principles of statutory construction require us to avoid such a peculiar reading of section 2514.

For all the foregoing reasons we hold that the trial court erred in excluding the children of the testatrix' deceased siblings from the scheme of distribution. The order of the trial court is reversed and the case is remanded with instructions to distribute the estate in accordance with this opinion. Jurisdiction is relinquished.