505 A.2d 327

**Raymond I. SHEPLEY, Appellant**

v.

**Melinda Baker DOBBIN and Mid Penn Bank, Trustee for Geoffry E. Dobbin, Gregory E. Dobbin and Jeremy A. Dobbin, Minors.**

Superior Court of Pennsylvania.

Argued Sept. 17, 1985.

Filed Feb. 26, 1986.

John J. Krafsig, Jr., Harrisburg, for appellant.

Heath L. Allen, Harrisburg, for appellees.

Before WICKERSHAM, CIRILLO and JOHNSON, JJ.

WICKERSHAM, Judge:

This is an appeal from a final decree in equity denying appellant, Raymond I. Shepley's request for a constructive trust or in the alternative, for an accounting.

Appellant, owner in fee simple of two tracts of land in Halifax Township, Dauphin County, Pennsylvania (hereinafter "the Halifax farm") conveyed the remainder interest in that property to Betty L. Baker, his stepdaughter and Carl E. Baker, her husband on May 1, 1971. Appellant retained a life estate for himself in the property. On the same day, however, appellant entered into a concurrent agreement with the Bakers, which *inter alia* provided the

Bakers with the right to reside on the farm with appellant at their cost and expense. Under the terms of this agreement, the Bakers were also required to furnish appellant with food and laundry service.[1]

Carl E. Baker died on October 17, 1973 and his wife died the following year. After her mother's death, appellee, Melinda Baker Dobbin, appellant's step-granddaughter orally agreed with appellant, in July 1975, to assume the obligations of her deceased parents. At the same time, with appellant's consent, appellee and Edward Dobbin, her husband, acquired the remainder interest of Betty L. Baker in the farm from Mid Penn Bank, executor of Baker's estate. The Dobbins were divorced in 1978. Appellee remained on the Halifax farm with the three minor children of their marriage: Geoffry E. Dobbin, Gregory E. Dobbin and Jeremy A. Dobbin. On October 25, 1978, appellee and her ex-husband conveyed a one-half interest in the farm to appellee alone and the remaining half interest to Mid Penn Bank as trustee for the three minor children.

On June 25, 1982, appellant filed a complaint in equity, alleging that appellee had been unjustly enriched by receiving the benefits accruing from possession of the Halifax farm without satisfying her concomitant obligations to appellant under the agreement which she had assumed. Appellant also claimed that appellee had converted certain personalty in which he held an interest.

1. Specifically, regarding appellant's rights, the Shepley-Baker agreement provided:
    [Shepley] shall have the right to reside on said premises with [Bakers] for and during the term of his natural life and to occupy the same bedroom together with such bedroom fixtures as he now and has formerly been using and occupying and that he shall be supplied his regular meals at the same table and at the same times with the same food as are enjoyed and eaten by [Bakers], free of any charges or costs.... [Shepley] shall be permitted to live a life of ease and retirement ... [Bakers] agree to provide the usual food, meals and shelter on said premises ... to attend to his laundry needs and generally to strive to make his life as pleasant and enjoyable as possible.
    Shepley-Baker Agreement, May 1, 1971, Plaintiff's Exhibit "A" at 1.

After hearing two days of testimony from a dozen witnesses, the chancellor, The Honorable Clarence C. Morrison, ultimately found that the testimony of appellant was not credible. Lower ct. op., October 4, 1983 at 4. Concluding that appellee had not been unjustly enriched, he dismissed both of appellant's claims. *Id. See* Lower ct. op., September 20, 1984 at 3. Appellant duly filed timely exceptions to the decree,[2] which were dismissed by the chancellor who directed that the *decree nisi* be entered as a final decree. *Id.*

Appellant presents three issues for our review.[3] We turn now to his first issue and that part of his third issue which contests the conclusiveness of the chancellor's findings of fact.

It is beyond cavil that the factual conclusions of a chancellor should be accorded great weight. These conclusions have the force of a jury verdict and will be disturbed on appeal only where they are not supported by adequate evidence. *Biglan v. Biglan,* 330 Pa.Super. 512, 479 A.2d 1021 (1984); *Valley Forge Historical Society v. Washington Memorial Chapel,* 330 Pa.Super. 494, 479 A.2d 1011 (1984).

Particularly, where as in this instance, the evidence is contradictory, the chancellor's findings deserve even greater weight, since it is he who must necessarily pass on the

**2.** These exceptions included all issues presently raised on appeal. *See* Exceptions to *Decree Nisi,* filed December 14, 1983.

**3.** Those issues are as follows:

A. Can the Chancellor completely ignore established evidence of a confidential relationship and the shifting of the burden of proof, and as the result of the same, thereby deny equitable relief by imposing an erroneous burden of proof on the Appellant?

B. Did the Chancellor further commit a gross abuse of discretion and commit [a] palpable error of law by failing to impose a constructive trust and grant equitable relief pursuant to Appellate Guidelines mandated by our Appellate Court?

C. Did the Chancellor's findings lack evidentiary support and [show] a capricious disbelief of the evidence and constitute a palpable error of law by failing to address the substantial evidence presented by other witnesses than the Appellant?

Brief for Appellant at 3.

credibility of witnesses. *Hopkins v. Stepler*, 315 Pa.Super. 372, 461 A.2d 1327 (1983). The chancellor's findings are entitled to special weight in such determinations because he has had the opportunity to hear and observe all the witnesses. *Village Beer and Beverage, Inc. v. Vernon D. Cox and Co., Inc.*, 327 Pa.Super. 99, 475 A.2d 117 (1984); *Dudash v. Dudash*, 313 Pa.Super. 547, 460 A.2d 323 (1983).

■ Under our thus closely confined scope of review, we do not find the chancellor's determination of facts in this case to be so lacking in evidentiary support that his findings should be set aside. *See Biglan v. Biglan, supra.* On the contrary, there is ample support in the extensive record for his findings, as apparent from both the testimony and the documentary evidence. *See Dudash v. Dudash, supra.* The fact that the evidence on which the chancellor chose to rely was not uncontroverted does not indicate that he failed to take contradictory evidence into consideration. We therefore dismiss appellant's claims with respect to the facts as found by the chancellor.

■ Regarding appellant's second issue and that part of his third which alleges error by the chancellor as to a matter of law, we remain unpersuaded that the "palpable error" alleged actually occurred. Both issues asserting an error of law appear to be based on the contention that the chancellor erred as a matter of law in basing his findings on credibility. Instead, appellant proposes that the chancellor should have found that a confidential relationship existed between the parties, that this relationship was violated and that therefore, a constructive trust in appellant's favor should have been imposed on the Halifax farm. We, however, find no error in the chancellor's failure to apply appellant's suggested formula when it would have been inappropriate.

■ First, the premise of appellant's argument, i.e., that a confidential relationship existed, is not relevant when it was never established that appellant and appellee operated in this capacity. Merely pointing to the step-granddaugh-

ter/step-grandfather relationship between the parties or to the disparity in their ages does not suffice to show the existence of a confidential relationship. As we stated in *Moreland v. Metrovich,* 249 Pa.Super. 88, 95, 375 A.2d 772, 775 (1977):

A plaintiff may establish a confidential relationship as a matter of law or as a matter of fact. As our Supreme Court stated in *Truver v. Kennedy, supra,* 425 Pa. [294] at 306, 229 A.2d [468] at 474 [1967]: "[A confidential relationship] may exist *as a matter of law* in certain recognized fiduciary relations, as in the case of trustee and cestui que trust, attorney and client, and guardian and ward. It may also exist as a matter of fact wherever one person has reposed a special confidence in another to the extent that the parties do not deal with each other on equal terms, either because of an overmastering dominance on the one side, or weakness, dependence or justifiable trust, on the other." See also *Butler v. Butler,* 464 Pa. 522, 347 A.2d 477 (1975); *Brunier v. Stanert,* 369 Pa. 178, 85 A.2d 130 (1952). The existence of a close family relationship, such as sister to sister, does not *per se* justify recognition of a confidential relationship. *Truver v. Kennedy, supra; Thompson Will,* 387 Pa. 82, 126 A.2d 740 (1956); *Stewart v. Hooks,* 372 Pa. 542, 94 A.2d 756 (1958). Instead, the plaintiff must prove the confidential relationship as a matter of fact. *Truver v. Kennedy, supra.*

The record simply does not indicate that appellant and appellee stood in a confidential relationship as a matter of fact such as to create unequal dealings.

Second, even were a confidential relationship found to exist, this finding alone would not mandate that a constructive trust be imposed by the chancellor. Appellee, Melinda Baker, faithfully provided or stood ready to provide regular meals and laundry service for appellant. It was not appellee who did not fulfill her obligations under the parties' agreement but appellant who rendered impossible any

promised performance by appellee by choosing to absent himself from the Halifax farm.

Equity will impose a constructive trust under appropriate circumstances. However, our case law is exigent in demanding evidence of unjust enrichment before a trust will be created. *See, e.g., Stauffer v. Stauffer,* 465 Pa. 558, 351 A.2d 236 (1976); *Buchanan v. Brentwood Federal Savings & Loan Association,* 457 Pa. 135, 320 A.2d 117 (1974); *Pierro v. Pierro,* 438 Pa. 119, 264 A.2d 692 (1970). As the chancellor correctly concluded, where he found in this case that no unjust enrichment had occurred which would warrant the imposition of a constructive trust, it was unnecessary for him to consider whether appellant and appellee were in a confidential relationship. This determination would have no effect unless appellee was unfairly advantaged; the chancellor specifically found that she was not.

We therefore hold that the chancellor committed neither abuse of discretion nor error of law and affirm the decree entered below.