510 A.2d 815

**In re ESTATE OF Agnes JAKIELLA, Deceased.**

**Appeal of Sophie GOLBA and Jane Kwiat, Contestants.**

Superior Court of Pennsylvania.

Argued Feb. 18, 1986.

Filed June 10, 1986.

Petition for Allowance of Appeal Denied Nov. 4, 1986.

Charles W. Garbett, Ellwood City, for appellants.

Irving M. Portnoy, Pittsburgh, for appellee.

Before BROSKY, OLSZEWSKI and POPOVICH, JJ.

BROSKY, Judge:

This is an appeal from the order making final the decree of the Orphans' Court of Lawrence County which gave full force and effect to the last Will and Testament of Agnes Jakiella dated August 7, 1974. Appellants raise two issues for our determination: (1) whether appellee (proponent of the 1974 Will) stood in a position of trust and confidence with the testatrix at the time the 1974 Will was executed thus rendering the trial court's order erroneous; and (2) whether the case should be remanded for more detailed factual findings concerning the testatrix's ability to speak and understand English.

We have carefully reviewed the record and briefs submitted by counsel and after our own independent analysis of applicable law, we find no abuse of discretion by the trial court. Accordingly, we affirm the order.

At the outset we note that our scope of review in a case of the instant nature is extremely limited. As this

Court stated in *Estate of Bankovich*, 344 Pa.Super. 520, 522–23, 496 A.2d 1227, 1229 (1985):

> Our review in [a will contest] is limited to determining whether the findings of fact approved by the court en banc rest on legally competent and sufficient evidence, and whether an error of law has been made or an abuse of discretion committed. It is not our task to try the case anew. The rule is particularly applicable 'to findings of fact which are predicated upon the credibility of the witnesses, whom the judge has had the opportunity to hear and observe, and upon the weight given to their testimony.' (citations omitted).

Additionally, we note that the trial court was similarly restricted in its scope of review when it heard the exceptions to the Decree Nisi and reargument on the final decree.[1]

The testatrix was an immigrant from Poland who resided on a farm near New Castle, Pennsylvania. At the time of her death in 1977, the testatrix was survived by three children, appellants (two married daughters), and appellee, her son.

Testatrix had lived on the farm with another son, Joseph, until Joseph's death in May, 1972. Prior to his death, Joseph had handled all of his mother's financial affairs. Shortly after Joseph's death, the testatrix executed the Will offered by appellants in this case which was dated June 17, 1972. That Will divided the testatrix's estate equally among her three surviving children.

In October 1972, appellee assumed his deceased brother's responsibilities toward his mother and began managing the testatrix's finances, as well as providing her with the other care she had received from Joseph. Although the testatrix continued to live alone, appellee would spend considerable

---

1. The Honorable Francis X. Caiazza presided over every proceeding in this case. Thus, when he heard exceptions to the Decree Nisi and reargument on the final decree, he was acting as a court *en banc* and was subject to the same scope of review which constrains this Court. *Estate of Cooper*, 351 Pa.Super. 482, 506 A.2d 451 (1986).

time with her every day. Appellee continued to discharge his caretaker responsibilities until the testatrix's death.

In 1974, an attorney visited the testatrix for the purposes of drafting a new Will. During the attorney's second meeting with the testatrix, a new Will was executed which gave each of her married daughters (appellants) $1,000.00 and left the "rest, residue and remainder" of her property to appellee. The subsequent Will is the Will now probated and the subject of this appeal. The attorney also prepared, at the testatrix's direction, a power of attorney appointing appellee her attorney-in-fact.

Although this later Will was originally accepted for probate, appellants contested the Will and the trial court entered a Decree Nisi which revoked the later Will and reinstated the prior Will of 1972. Appellee then filed timely exceptions to the decree and, after a thorough examination of the record and after hearing arguments thereon, the trial court reversed its decision and stated that as a matter of law there was insufficient evidence to establish that the later Will was the product of undue influence. Therefore, the trial court reversed its Decree Nisi and gave full force and effect to the 1974 Will. After reargument, that order was made final and became the subject matter of this appeal.

■ Appellants first contend that the evidence presented at trial showed that appellee stood in a position of trust and confidence with the testatrix at the time the second Will was executed. The burden of proving undue influence is on the contestants since a presumption of validity arises once a Will is probated. *In re Estate of Clark*, 461 Pa. 52, 334 A.2d 628 (1975).

■ To meet this burden, contestants must establish by clear and convincing evidence that: (1) the testator was of weakened intellect when the Will was executed; (2) there was a person in a confidential relationship with the testator; and (3) the person in the confidential relationship receives a substantial benefit under the Will. Once met, the burden

shifts to the proponent of the Will to show the absence of undue influence. *Estate of Ross*, 316 Pa.Super. 36, 462 A.2d 780 (1983).

The trial court found that there was sufficient evidence to prove the first factor outlined in *Ross*, but held that there was a lack of clear and convincing evidence to establish a confidential relationship at the time the Will was drafted or at any reasonable time thereafter. We agree.

Our Supreme Court has defined the clear and convincing standard as follows:

"[T]he witnesses must be found to be credible, that the facts to which they testify are distinctly remembered and the details thereof narrated exactly and in due order, and that their testimony is so clear, direct, weighty, and convincing as to enable the jury to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue."

*In Re Estate of Fickert*, 461 Pa. 653, 658, 337 A.2d 592, 594 (1975) quoting In *La Rocca Trust*, 411 Pa. 633, 640, 192 A.2d 409, 413 (1963).

For purposes of voiding a Will on the ground of undue influence, a confidential relationship exists whenever circumstances make it certain that the parties did not deal on equal terms but that on one side there was an over-mastering influence, and on the other, dependence or trust, justifiably reposed. *Estate of Ross, supra.* Appellee's parent-child relationship with the testatrix does not *per se* justify recognition of a confidential relationship. *Thompson Will*, 387 Pa. 82, 126 A.2d 740 (1956). Rather, the existence of a confidential relationship between a parent and child must be established by the evidence, *In Re Estate of Mihm*, 345 Pa.Super. 1, 497 A.2d 612 (1985).

Neither does appellant's appointment as the testatrix's attorney-in-fact necessitate a finding of a confidential relationship. The record in this case reveals that it was the testatrix who desired to appoint appellee as her attorney-in-fact: thus, the testatrix's grant of her power of attorney to

appellee does not support a confidential relationship. See, *In Re Estate of Ziel*, 467 Pa. 531, 359 A.2d 728 (1976) (power of attorney created at testator's insistence and for his convenience did not give rise to confidential relationship).

■ Further, the record reveals that, contrary to appellants' assertions, appellee did not restrict the testatrix's access to the outside world until more than 15 months after the Will was executed and appellee testified that his actions were at the testatrix's directions. Since the trial court based its original finding of a confidential relationship on appellee's restricting outside visitors, the trial court was compelled to reverse its decision when a reexamination of the record revealed that appellee's actions were too remote in time to bear on his relationship with the testatrix at the time the Will was drafted. Testimony as to the relationship between the testator and proponent must pertain to the point in time when the Will was executed to be relevant. *In re Kirkander*, 326 Pa.Super. 380, 474 A.2d 290 (1984); *Estate of Bryner*, 464 Pa. 10, 345 A.2d 706 (1975). Thus, the trial court correctly found that its original determination was made in error.

Finally, there is no other evidence in the record that appellee took advantage of, or had an over-mastering influence over the testatrix at the time the Will was drafted. Accordingly, we find no abuse of discretion by the trial court in finding as a matter of law that appellants failed to meet their burden of proving a confidential relationship by clear and convincing evidence.

■ Appellant's second issue as to the testatrix's ability to understand English is directed toward the credibility of the appellee's witnesses. The subscribing witnesses to the testatrix's Will both testified that the testatrix appeared in good health and was able to understand the provisions of the Will at the time of execution. Further, the scrivener testified that the testatrix was adamant in her distribution wishes, and appellee was not present during the discussions

with the testatrix. See, *In re Estate of Agostini*, 311 Pa.Super. 233, 457 A.2d 861 (1983) (where proponent was not present during Will discussions and decedent's intentions were emphatic no undue influence was shown). The trial court was aware of the weight to be accorded the testimony of the subscribing witnesses and determined that the testatrix did understand the provisions of her will.

While the record reveals that appellants produced testimony from many witnesses, some of who disclaimed the testatrix's ability to speak and understand English, "[i]t is not our task to try the case anew. Credibility of the witnesses is for the hearing judge who has heard and seen them...." *Estate of Ziel, supra,* 467 Pa. at 537, 359 A.2d at 731. As this court recently stated in *Shepley v. Dobbin,* 351 Pa.Super. 182, 505 A.2d 327 (1986), "Particularly where, as in this instance, the evidence is contradictory, the chancellor's findings deserve even greater weight, since it is he who must necessarily pass on the credibility of witnesses." 351 Pa.Superior Ct. at 185–186, 505 A.2d at 329.

After careful review, we find that the evidence in the record supports the finding of the trial court. We find no abuse of discretion in the trial court's holding.

Order affirmed.