BECK, Judge:
 

 The issue in this case is whether, in the absence of contrary testamentary intent, the beneficiary of a specific bequest of personal property takes the property subject to a security interest. We hold that in the absence of a contrary intent the personal property passes to the beneficiary subject to the security interest.
 

 Appellant Irene Miller challenges the trial court’s decree that the bequest of a Lincoln Continental automobile passed to her subject to a $9500 lien against the car. The trial court held that the will and codicil in question were clear and unambiguous, and that the disposition of this case was controlled by 20 Pa.C.S.A. § 2514 (12.1) (1976). We agree. We note that this statutory section has not been previously interpreted by the appellate courts in Pennsylvania.
 

 Appellant raises five issues asserting various trial court errors. Specifically appellant contends the trial court (1) erred in not considering the intent of the testator as primary; (2) erred in holding that the bequest to appellant required the personal property to pass subject to the security interest; (3) erred in relying on the statutory rules of interpretation where no ambiguity exists in the testator’s will and codicil; (4) erred in invoking a procedural rule to dispose of a substantive right; and (5) erred in refusing to consider parol evidence allegedly explaining the testator’s intent regarding the bequest of the Lincoln Continental. After a complete review of the relevant law and the record, we find appellant’s challenges to be without merit and we affirm the trial court.
 

 Our standard of review in a will contest is limited to determining whether the trial court’s findings of fact are supported by sufficient evidence, and whether the court
 
 *394
 
 committed an error of law or an abuse of discretion.
 
 In re Estate of Jakiella,
 
 353 Pa.Super. 581, 583, 510 A.2d 815, 816 (1986).
 

 The relevant factual background is as follows. William Dex died testate in May 1990, leaving both a valid will and codicil. The codicil was executed approximately one month prior to Mr. Dex’s death because he knew he was dying of cancer, and because he wanted to alleviate what he viewed as family in-fighting over his personal property.
 

 In the third paragraph of the codicil the testator provided:
 

 I give and bequeath to my friend, Irene Miller, my oriental carpet and my Lincoln Continental motor vehicle.
 

 (Reproduced Record, at 6a). On the date that Mr. Dex died, the Lincoln Continental was subject to a bank lien of approximately $9500. Appellees, the executrices of the testator’s estate, filed a rule to show cause why the bequest of the Lincoln Continental to appellant should not pass subject to the outstanding lien. The trial court held a brief evidentiary hearing and decided that section 2514(12.1) of Pennsylvania’s Probate Code controlled the disposition of this matter.
 
 [1]
 
 Specifically, the court found that paragraph three of the codicil was clear and unambiguous. The court pointed out that appellant failed to show that the testator
 
 *395
 
 had a contrary intent, and therefore, the testator is deemed to have made the bequest subject to the security interest.
 

 It is axiomatic that in interpreting a will, the court must effectuate the testator’s intent.
 
 Hamilton Estate,
 
 454 Pa. 495, 496, 312 A.2d 373, 374 (1973);
 
 Bloom v. Selfon,
 
 366 Pa.Super. 283, 287, 531 A.2d 12, 14 (1987),
 
 aff'd,
 
 520 Pa. 519, 555 A.2d 75 (1989);
 
 Estate of Sellers,
 
 344 Pa.Super. 538, 540, 496 A.2d 1237, 1238 (1985). The primary means for determining a testator’s intent is “by carefully reviewing all of the language contained in the will.”
 
 Bloom,
 
 366 Pa.Super. at 288, 531 A.2d at 14. Initially, the court must focus exclusively on the “four corners of his will.”
 
 In re Estate of Jacobson,
 
 460 Pa. 118, 122, 331 A.2d 447, 449 (1975);
 
 In re Estate of MacFarlane,
 
 313 Pa.Super. 397, 401, 459 A.2d 1289, 1291 (1983).
 

 The court is also guided by the principle that the words used must be given their common legal effect.
 
 In re Estate of MacFarlane,
 
 313 Pa.Super. at 401, 459 A.2d at 1291. Courts are not permitted to determine what they think the testator might or would have desired under the existing circumstances, or even what they think the testator meant to say.
 
 In re Estate of Baker,
 
 495 Pa. 522, 523, 434 A.2d 1213, 1214 (1981) (citation omitted). Instead, the determination of intent focuses on the meaning of the language in the will.
 
 Id.
 

 In order to amplify and clarify the interpretation of testamentary documents the legislature has enacted “Rules of Interpretation.” 20 Pa.C.S.A. § 2514 (Purdon 1972, and Supp.1991). Of direct significance to the instant matter, and as relied on by the trial court, is section 2514 which provides:
 

 In the absence of a contrary intent appearing therein, wills shall be construed as to real and personal estate in accordance with the following rules.
 

 Subsection (12.1) titled “Property subject to a security interest” provides:
 

 
 *396
 
 A specific ... bequest of ... personal property passes that property subject to any security interest therein existing at the date of the testator’s death, without any right of exoneration____
 

 20 Pa.C.S.A. § 2514(12.1) (1976).
 

 In analyzing the case before us we point out the codicil in question is silent as to whether the specific bequest passes subject to or free of the security interest. Appellant interprets this silence, and the scheme of the will as a whole, as evidence that the testator intended that the Lincoln Continental pass to her free and clear of the security interest.
 

 Using the language of the will itself to support her position, appellant points out that in paragraph six of the will, she was to be given the testator’s dog and in order to cover “care and maintenance” of the dog, she was also to be given $5000.
 
 [2]
 
 Additionally, appellant argues that paragraph five of the codicil shows that the testator recognized and accounted for the potential liabilities of his beneficiaries. In paragraph five the testator provided that the
 
 inter vivos
 
 $5000 loan from the testator to his brother should be subtracted from any inheritance otherwise due his brother. Finally appellant strenuously asserts that the use of the word “gift” to describe the bequest of the car to appellant shows the car was to pass free of any encumbrance. According to appellant, these testamentary clauses establish that the testator intended the bequest to be free and clear. We disagree.
 

 If anything, appellant’s arguments weigh against her. For example, the testator originally intended to leave appellant his dog, and knowing that the care of a pet often involves a financial liability, the testator provided $5000 to cover expenses. In contrast, the testator bequeathed his Lincoln Continental to appellant knowing full well that the car had a significant encumbrance and yet made no mention of the encumbrance. He made no provision to cover or
 
 *397
 
 dispense with the lien on the car. Moreover, we find the fact that the testator expressly acknowledged the $5000 loan to his brother, and made no mention of the car loan in the bequest to appellant, to be neither supporting nor contradicting of appellant’s contention. Also, appellant’s use of the word gift as applied to the car does not connote the testator’s intention as to the encumbrance.
 

 In resolving questions under section 2514(12.1) the trial court must first examine the language of the will.
 
 See
 
 20 Pa.C.S.A. § 2514 (stating “In the absence of a contrary intent appearing therein, wills shall be construed----”);
 
 Estate of Sellers,
 
 344 Pa.Super. at 543, 496 A.2d at 1238. Where the will is unambiguous, the trial court cannot admit parol evidence but may hear argument relating to the testator’s intent.
 
 See, e.g., Baker,
 
 495 Pa. at 525, 434 A.2d at 1215;
 
 Sellers,
 
 344 Pa.Super. at 543, 496 A.2d at 1239. It is here that appellant has the burden of showing that the testator intended to pass the bequest free of any encumbrance. If appellant does not satisfy this burden, then section 2514(12.1) instructs that the encumbrance passes with the gift. The statutory language provides that “in the absence of contrary intent ... a specific bequest of ... personal property passes that property subject to any security interest therein____” 20 Pa.C.S.A. § 2514(12.1). In the instant case we conclude that the trial court was correct in finding that appellant has not satisfied her burden of showing contrary intent.
 

 Directly addressing the claims raised by appellant, we find that contrary to the assertion in issue (1), the trial court did consider the testator’s intent to be of primary importance. Relying on the language of the will and section 2514(12.1) the trial court correctly determined the testator’s intent. Based on this rationale we conclude appellant’s issues (1) and (2) are meritless.
 

 In appellant’s third argument she asserts the trial court erred in applying section 2514(12.1) when there was no ambiguity in the testamentary language. She miscon
 
 *398
 
 strues the application of section 2514, which is titled “Rules of Interpretation.” Section 2514 instructs that it
 
 shall
 
 be applied unless a contrary intent is shown within the testamentary document. 20 Pa.C.S.A. § 2514. By enacting section 2514 the General Assembly has provided for certain statutory presumptions regarding the interpretation of wills. Such presumptions must be applied when construing testamentary language unless the testator expresses contrary intent within the will. Section 2514 is not a common law guideline that a court refers to when construing an ambiguous word in a will.
 
 [3]
 
 It is an aid in construing the language in a will. The trial court correctly relied on section 2514. We find issue (3) to be without merit.
 

 Appellant argues in issue (4) that since section 2514 is “in essence a procedural rule,” it is not applicable to this matter. We find no support, and appellant refers us to none, holding that section 2514 is a procedural rule. Significantly, we note that the cases cited by appellant,
 
 see, e.g., Sellers,
 
 344 Pa.Super. 538, 496 A.2d 1237;
 
 Estate of Kehler,
 
 488 Pa. 165, 411 A.2d 748 (1980);
 
 Corbett Estate,
 
 430 Pa. 54, 241 A.2d 524 (1968), all hold that section 2514 is applicable in matters similiar to the one before this court.
 

 In appellant’s final issue, she argues alternatively that if the reviewing court finds ambiguity then the case must be remanded for the trial court to consider parol evidence to determine the testator’s intent. Having found no ambiguity, we need not address appellant’s argument made on this issue.
 

 In light of our foregoing analysis we conclude the trial court did not err in holding that the bequest of the Lincoln Continental to appellant passes subject to the security interest.
 

 Trial court order is affirmed.
 

 [1]
 

 . Section 2514(12.1) provides that
 

 [i]n the absence of a contrary intent appearing therein, wills shall be construed as to real and personal estate in accordance with the following rules:
 

 [a] specific devise or bequest of real or personal property passes that property subject to any security interest therein existing at the date of the testator’s death, without any right of exoneration out of any other estate of the testator regardless whether the security interest was created by the testator or by a previous owner and any general directive in the will to pay debts.
 

 20 Pa.C.S.A. § 2514(12.1) (1976). Section 2514(12.1) is the statutory paragraph that replaced and expanded the original paragraph (12), which was first enacted within the Act of June 7, 1917, P.L. 403.
 
 See
 
 20 Pa.C.S.A. § 2514, Official Comment — 1976 (Purdon Supp.1991). As originally enacted, paragraph (12) applied solely to the testamentary transfer of real • property subject to a mortgage. As noted in the Official Comment to section 2514(12.1), this section is derived from section 2-609 of the Uniform Probate Code.
 
 Id.
 
 (We note that § 2-609 of the Code has been renumbered as § 2-607 in the current publication of the Uniform Probate Code).
 

 [2]
 

 . The testator’s dog predeceased the testator, which was in part the reason the testator executed the codicil in question.
 

 [3]
 

 . In one respect, we do agree with appellant. That is, that the instant testamentary language is clear and unambiguous. However, unlike appellant, we find that the testamentary language unambiguously establishes no intent contrary to that provided in section 2514(12.1).