## Thompson *v.* Thompson, Appellant.

Argued January 9, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*E. J. O'Halloran,* with him *O'Halloran, Stack & Smith,* for appellant.

*B. Jerome Shane,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, March 16, 1973:

Appellee, Joan Thompson, and appellant, Joseph R. Thompson, were married on June 29, 1968, but have been separated since July 5, 1969. After the separation, Mrs. Thompson filed a complaint in equity against her husband seeking to recover certain property and seeking an order requiring appellant to file an account of the sums earned by Mrs. Thompson which had been deposited in a joint savings account which she alleged her husband had converted for his own use. Mr. Thompson filed a timely answer to the complaint,

denying liability and liability to account. Hearings were held in the Court of Common Pleas of Philadelphia on November 16, 1971, March 22, 1972, and September 7, 1972, at which time the testimony was concluded. Immediately after the close of testimony on September 7, 1972, the court made an oral finding in favor of the wife and denied the husband's request for findings of fact and conclusions of law.[1]

By letter dated September 8, 1972, the attorneys were advised that the court had entered a finding for the wife and also dismissed the husband's proposed findings of fact and conclusions of law, insofar as they conflicted with the finding for the wife. On September 25, 1972, the husband filed exceptions to the court's finding. These exceptions are still pending before the court below.

On October 5, 1972, the court entered a supplemental "order and decree" directing the husband to file an account for all jointly-owned property, as well as property claimed by the wife, of any and all kinds, possessed by the husband at any time, and of all other property in dispute. He also ordered the husband to return the engagement ring and wedding band to the wife, which he found to be the property of the wife. It is from this "order and decree' requiring an account that the husband has taken this appeal. The court did not file an opinion.

The "order and decree" read as follows:

"After conference with both counsel and argument the following order is entered supplementing the Court's finding of September 7, 1972, in favor of plaintiff.

---

[1] The husband requested, *inter alia*, a finding that the Act of April 3, 1872, P. L. 35, §1, 48 P.S. §34, on its face and as applied, discriminates against men, since it gives a wife the right to retain her separate earnings independently of any legal claim of her husband or his creditors, but does not give a husband the same right.

"(1) The engagement ring containing a 2½ carat solitaire diamond and the platinum wedding band are hereby found to be the property of the plaintiff and defendant is ordered forthwith to return them to plaintiff.

"(2) Defendant is ordered and directed to file an account within 30 days for all jointly owned property as well as property claimed by plaintiff of any and all kinds possessed by defendant at any time and of all other property in dispute.

"(3) Exceptions may be filed within 20 days after the filing of such account whereupon the Court will appoint an auditor, with costs to be fixed by the Court."

This "order and decree" does not meet the requirements of the provisions of the Pennsylvania Rules of Civil Procedure 1516 to 1519. As we summarized these rules in another case where the chancellor had failed to prepare an adjudication in conformity with Rule 1517, *Community Sports, Inc. v. Oakland Oaks*, 429 Pa. 412, 414, 240 A. 2d 491 (1968) : "Pennsylvania Rules of Civil Procedure 1516 to 1519 clearly enunciate the steps which must be followed by the chancellor, and by the litigants, before a procedurally proper appeal may be taken to this Court. Rule 1516 recites that the parties may file requests for findings of fact and conclusions of law. Rule 1517 itemizes the contents of the chancellor's 'adjudication'. This adjudication must contain, in addition to a decree nisi, a summary of the issues raised in the pleadings, specified findings of fact and conclusions of law, and a discussion of the factual and legal questions involved in the case. Rule 1518 allows the parties 20 days to file specific exceptions to this adjudication. Finally, Rule 1519 provides that the court en banc shall pass on these exceptions, or, if none are filed, the prothonotary, upon praecipe, shall enter the

decree as final. All of these steps are necessary to establish an adequate record on appeal."[2]

Accordingly, this case is controlled by *Community Sports, supra.* See also *Stryjewski v. Local Union No. 830,* 451 Pa. 550, 304 A. 2d 463 (1973).

The decree below is vacated, and the record remanded with instructions that the chancellor prepare a new adjudication in conformity with Pennsylvania Rules of Civil Procedure 1516-17. The parties then, if they so choose, may proceed in conformity with Rules 1518-19.

Each party to bear own costs.

---

[2] Rule VIII of the Special Supreme Court Rules for the Court of Common Pleas of Philadelphia, which formerly relieved the Philadelphia courts sitting in equity from compliance with Rule 1517(a), was suspended by Pennsylvania Rules of Civil Procedure 1038(g). This suspension became effective September 1, 1969, and was incorporated into equity practice by Pennsylvania Rule of Civil Procedure 1501.