Omrcanin *v.* Hassler, et al.

Argued January 10, 1973, before President Judge
BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKIN-
SON, JR., MENCER, ROGERS and BLATT.

*Marjorie Hanson Matson,* for plaintiff.

*Edward A. Miller,* Assistant Attorney General, for
defendants.

OPINION BY JUDGE CRUMLISH, JR., April 4, 1973:

In this complaint prosecuted under the original ju-
risdiction of this Court, plaintiff alleges that the defend-
ants committed discriminatory and prejudicial acts

against him in the course of his employment as a professor at Indiana University of Pennsylvania. The facts are detailed in the opinion reported in 6 Pa. Commonwealth Ct. 220 (1972).

A hearing was held before this writer sitting as a trial judge. At the close of plaintiff's case, which he presented pro se, the Court granted a motion for nonsuit with respect to the allegations contained in certain paragraphs of the complaint. The Court also at that time denied a motion for nonsuit with respect to the allegations in other paragraphs, specifically those in which plaintiff alleged: (1) a campaign of harassment with the intention of forcing plaintiff's resignation; (2) malicious and vindictive actions against him; (3) refusal of defendants to afford plaintiff the status that he enjoyed prior to the termination of his employment and his subsequent reinstatement.

Defendants presented testimony on these issues and at the close of the case the Court issued an order of nonsuit as to the complaint *in toto*. It was error to do so.

Under Pennsylvania procedure, a request by a defendant for a nonsuit is based on his offering no evidence and once the defendant does introduce evidence a court may not grant a nonsuit. Act of March 11, 1875, P. L. 6, §1, 12 P.S. §645; *Wise, Inc. v. Beech Creek Railroad Co.*, 437 Pa. 389, 263 A. 2d 313 (1970); *Highland Tank and Manufacturing Company v. Duerr*, 423 Pa. 487, 225 A. 2d 83 (1966).

However, close re-examination of the record here convinces us that plaintiff has failed to prove his case.[1]

---

[1] It is significant to note that plaintiff in the prior proceeding was afforded the benefit of a more exacting review of the evidence. There he was given the benefit of all reasonable inferences of fact arising from the evidence and also the benefit of any conflicts in the evidence that had arisen. *See Engle v. Spino*, 425 Pa. 254, 228 A. 2d 745 (1967). In considering a motion to dismiss, a judge need

We also remain convinced that the original granting of nonsuit as to specified paragraphs was proper. The plaintiff here not only has not supported his allegations but has elicited testimony from witnesses called on his behalf which tends to support contrary propositions. We do not believe that the prior decision on the merits of the case was erroneous, only that it was improper for the Court to issue an order of nonsuit to the complaint *in toto*. It would have been proper to grant a motion to dismiss at the end of the case.[2]

Accordingly, we issue the following

### ORDER

AND Now, this 4th day of April, 1973, the order of the court of July 26, 1972, is vacated; nonsuit is granted to the complaint excluding paragraphs 9, 10, 11, 11 (a), 11(b) and 11(c); motion to dismiss the complaint with respect to the remaining allegations is granted; costs to be paid by plaintiff.

---

only decide the case on its merits without favoring either party in the interpretation of the evidence.

[2] Contrary to plaintiff's contention, Rule 1517 of the Pa. Rules of Civil Procedure does not require a written adjudication with numbered findings of fact and conclusions of law but in fact allows an adjudication and discussion in narrative form.