359 A.2d 398

**Joseph D. THOMAS and Josephine Thomas, his wife, Appellants,**

v.

**Ann DELIERE.**

Superior Court of Pennsylvania.
Argued April 15, 1976.
Decided June 28, 1976.

2

Fred J. Sentner, Canonsburg, for appellants.

Robert M. Brenner, Anthony G. Martin, Washington, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that he is entitled to be compensated for the termination of an implied easement.

In 1947, appellee purchased the lot in Cecil Township, Washington County, on which appellants now reside. In 1949, appellee constructed a concrete driveway along the northeastern boundary of her property. Unbeknownst to appellee, her driveway encroached upon her neighbor's land to the northeast, and, thereby, appropriated a triangular strip of ground measuring 18 inches at the base (formed by the junction of the driveway and the roadway, State Route 50) and approximately 5 feet in height (along the common boundary between the two properties). In 1960, appellee purchased the neighbor's tract; thus, the two lots were joined together. Eventually, appellee moved to the house on the second lot. In November, 1972, appellee sold the lot which she originally occupied to appellants. There was no mention in the deed of an easement in favor of appellants over any part of appellee's property. Unfortunately, differences arose between the parties, and appellee decided to construct a fence to create a dividing line. Appellee first secured a survey, and, at this time, discovered that the true boundary included the triangular strip of driveway. Appellee's fence was constructed three inches inside appellee's true boundary.

On July 30, 1974, appellants filed a complaint in equity seeking, *inter alia*, an injunction to compel appellee to remove the fence and damages for the cost of widening their driveway on the opposite side parallel to the fence.

**4**

A hearing was held on June 2, 1975. The chancellor concluded that appellee had rightfully constructed the fence upon her property and that no easement in favor of appellants existed. The chancellor found that the disputed strip of ground was so insignificant that it could not constitute an easement and that erection of the fence did not interfere with the reasonable use and enjoyment of appellants' land. The chancellor also denied appellants any recovery for the cost of widening their driveway.[1]

Appellants do not claim an express easement; rather, they contend that an easement should be implied because of the prior use when the two adjoining lots were owned by appellee. When an easement is not expressed and is sought to be attached to the grant of a fee, the implication must clearly arise from the intention of the parties as shown by the terms of the grant, the surroundings of the property and the other res gestae of the transaction. *Lerner v. Poulos,* 412 Pa. 388, 194 A.2d 874 (1963); *Schwoyer v. Smith,* 388 Pa. 637, 131 A.2d 385 (1957); *Spaeder v. Tabak,* 170 Pa.Super. 392, 85 A.2d 654 (1952); *Walker v. Walker,* 153 Pa.Super. 20, 33 A. 2d 455 (1943). See also Restatement, Property, § 474. In determining whether the circumstances under which a conveyance of land is made create an implied easement, § 476 of the Restatement suggests that the following factors are important: "(a) whether the claimant is the conveyor or the conveyee, (b) the terms of the conveyance, (c) the consideration given for it, (d) whether the claim is made against a simultaneous conveyee, (e) the extent of the necessity to the claimant, (f) whether reciprocal benefits result to the conveyor and the conveyee, (g) the manner in which the land was used prior

---

1. The chancellor also granted appellants' demand that he be permitted to terminate any flowage from a drain allegedly located below the driveway and ordered appellee to provide appellants with a corrected deed. The only issue before us, however, is the existence or non-existence of an easement.

to its conveyance, and (h) the extent to which the manner of prior use was or might have been known to the parties." As the comments to § 476 clearly demonstrate, no single factor is dispositive and no purely mathematical weighing of factors is possible.[2] Comment g., however, states: "In the greater number of cases, its necessity to the use of land of the claimant is the circumstance that contributes most to the implication of an easement. If no use can be made of the land conveyed or retained without the benefit of an easement, it is assumed that the parties intend the easement to be created." Conversely, as the degree of necessity decreases, the need to refer to other factors suggestive of an intent to create an easement increases substantially.

■ In the instant case, the various factors listed in the Restatement do not suggest any clear implication

2. In Pennsylvania, the rule has often been stated that: "To establish an easement by implication on the severance of the unity of ownership in an estate there must be (1) a separation of the title, (2) such continuous and obvious user before the separation as to show an intention to make the alleged easement permanent, (3) the easement must be necessary to the beneficial enjoyment of the land granted or retained; and (4) the servitude should be continuous and self-acting." *DePietro v. Triano*, 167 Pa.Super. 29, 31, 32, 74 A.2d 710, 711 (1950). See also *Becker v. Rittenhouse*, 297 Pa. 317, 147 A. 51 (1929); *Spaeder v. Tabak*, supra. It is well-established that evidence of long continued prior use is, in itself, insufficient to justify the implication of an easement on severance; some necessity for the continuation of the use must be shown. *Schwoyer v. Smith*, supra. The cases in Pennsylvania seem to require that the necessity be a "high, real, and continuing necessity, as shown by the proved circumstances in the case . . . ." *Witman v. Stichter*, 299 Pa. 484, 489, 149 A. 725, 727 (1930). The Restatement view, which has been expressly adopted in Pennsylvania, see, e. g., *Lerner v. Poulos*, supra; *Schwoyer v. Smith*, supra; *Spaeder v. Tabak*, supra, emphasizes a balancing approach designed to ascertain the actual or imputed intention of the parties. No single factor under the Restatement approach, is dispositive. Thus, the Restatement approach and the more restrictive tests enunciated in *DePietro v. Triano*, supra, co-exist in Pennsylvania case law. See, e. g., *Spaeder v. Tabak*, supra. In the instant case, application of either test leads to the same result, but there may be cases in the future in which the conflict in the law will be important.

6

that the parties intended an easement. The fact that the claimant is the conveyee of the benefited fee, that the conveyance was not gratuitous but made for fair consideration, that the claim is made against the claimant's grantor rather than a simultaneous grantee, that the use of the land has continued for a substantial period of time, and that the prior use was known to all of the parties, would tend to support the implication that the parties intended to create an easement. On the other hand, there are factors which overwhelmingly detract from the implication of an easement: the fact that the deed did not mention such an easement but rather established a boundary, which was unknown to either party until the appellee's property was surveyed; the fact that the alleged easement was so small (measuring less than 3 and $3/4$ square feet) that it could hardly be described as necessary to the beneficial use of the appellants' property; and the fact that there are no reciprocal benefits as between the conveyor and conveyee. Weighing the factors and circumstances enumerated in the Restatement, we conclude that the clear evidence of a mistake as to the true boundary, the nearly complete absence of necessity, and the absence of reciprocal benefits demonstrate that the parties never intended that an easement be created when the properties were severed.

Order affirmed.

WATKINS, President Judge, and PRICE and VAN der VOORT, JJ., dissent.