462 A.2d 780

**In the Matter of ESTATE OF Caren ROSS A/K/A Caren P. Ross, Deceased.**

**Appeal of Robert ANDERMAN, Guardian for Anthony Jason Ross and Francesca F. Ross, Minors, Dennis Klinger, Executor.**

Superior Court of Pennsylvania.

Argued March 16, 1983.

Filed July 1, 1983.

38

Richard H. Anderson, Media, for appellants.

Arnold L. New, West Chester, for participating party.

Before CERCONE, President Judge, and ROWLEY and CIRILLO, JJ.

CIRILLO, Judge:

This is an appeal from a decree of the Court of Common Pleas of Delaware County, Orphans' Court Division, which dismissed a petition for citation sur appeal contesting the decision of the Register of Wills admitting a Will to probate.

Caren Ross died testate on September 16, 1976. Surviving her were her two children, Anthony Jason Ross and Francesca F. Ross, the appellants in the instant case. On October 10, 1978, Robert Anderman, Esquire, guardian of testator's children and by whom the instant appeal is brought on behalf of the minor children, filed a petition for citation sur appeal, claiming that the Will should not have been admitted to probate because it was procured through undue influence. A hearing was held on the petition on January 16, 1979. At the conclusion of the hearing, the Orphans' Court dismissed the petition finding that the appellants had not sustained their burden. Timely exceptions were filed and denied.

The testimony presented at the hearing on the petition established that Caren Ross executed her Will on December 11, 1974, in the office of her attorney, Norman A. Oshtry, Esquire. As to the terms of the Will admitted to probate, after making a bequest of a Cartier wrist watch to her sister, Amy Feinberg, the Will in Paragraph Third provides:

All the rest, residue and remainder of my property and estate, both real and personal, of whatever kind and wheresoever situated, of which I die seized or possessed, or of which I shall be entitled to dispose at the time of my death, I give, devise and bequeath to my friend, Dennis Klinger.

Paragraph Fifth of the Will appointed Dennis Klinger Executor and Norman A. Oshtry, Contingent Executor.

Paragraph Fourth of the Will provided that Amy Feinberg should inherit the residue should Dennis Klinger predecease Amy Feinberg, but the words "my sister, Amy Feinberg" were crossed out and the words "my children in equal shares, share and share alike" were added by the testatrix in her own handwriting, according to the testimony of Norman A. Oshtry, Esquire.

■ The appellants contend that the evidence presented at trial was sufficient to show that the Will was procured through undue influence by the appellee, Dennis Klinger, the man with whom the testatrix was living at the time the Will was executed and at the time of her death and who was the sole beneficiary of the bulk of the estate under the Will. Therefore, appellants contend that the Orphans' Court erred by failing to shift the burden of proof to the appellee to explain and prove the absence of undue influence.[1] We disagree.

■ Our review in a will contest is limited to determining whether the findings of fact by the trial court are based on legally competent and sufficient evidence and whether an abuse of law has been made or an abuse of discretion committed. *Ziel Estate,* 467 Pa. 531, 359 A.2d 728 (1976); *DiPietro Estate,* 306 Pa.Super. 238, 452 A.2d 532 (1982). It is not our task to try the case anew. Credibility of the witnesses is for the hearing judge who has seen and heard

**1.** Appellants predicate this argument on the rule of law which provides that once undue influence is shown by clear and convincing evidence, the burden of proof shifts to the proponents of the Will to refute the charge of undue influence. *Ziel Estate,* 467 Pa. 531, 359 A.2d 728 (1976).

them and the record will be reviewed by us in the light most favorable to the appellee. *Ziel Estate, supra,* 467 Pa. at 537, 359 A.2d at 731.

Our Supreme Court has considered the meaning of undue influence in *Ziel Estate, supra,* and stated at 467 Pa. 540, 541, 359 A.2d 728, 733 (1976):

> The word "influence" does not refer to any and every line of conduct capable of disposing in one's favor a fully and self-directing mind, but to control acquired over another that virtually destroys his free agency. . . . In order to constitute undue influence sufficient to void a will, there must be imprisonment of the body or mind . . . fraud, or threats, or misrepresentations, or circumvention, or inordinate flattery or physical or moral coercion, to such a degree as to prejudice the mind of the testator, to destroy his free agency and to operate as a present restraint upon him in the making of a will. *Williams v. McCarroll, supra,* 374 Pa. [281] at 295–296, 97 A.2d [14] at 20 quoting from *Phillips Estate,* 244 Pa. 35, 43, 90 A. 457, 460 (1914).

■ To show undue influence: "[T]he contestant must establish by *clear and convincing evidence* that 1) when the will was executed the testator was of weakened intellect, and 2) that a person in a confidential relationship with the testator 3) receives a substantial benefit under the will." *Fickert Estate,* 461 Pa. 653, 657, 337 A.2d 592, 594 (1975). (Emphasis added). There is no question that the third requirement was met as appellee was the sole beneficiary of the testatrix's residuary estate.[2] We are not satisfied, however, that there was sufficient evidence to carry the burden of demonstrating that the appellee was in a confidential relationship with the testatrix or that the testatrix was of weakened intellect when she executed her Will.

---

**2.** The appellants argue that a presumption of undue influence arises where the testator disinherits his children in favor of a beneficiary with whom he maintains improper sexual relations. *Chidester's Estate,* 227 Pa. 560, 76 A. 418 (1910). Upon review of the record, there is insufficient evidence that the testatrix maintained improper sexual relations with Dennis Klinger.

For purposes of voiding a will on the ground of undue influence, a confidential relationship exists whenever circumstances make it certain that the parties did not deal on equal terms but that on the one side there was an over-mastering influence, and on the other, dependence or trust, justifiably reposed. *Ziel Estate, supra; Clark Estate*, 461 Pa. 52, 334 A.2d 628 (1975); *DiPietro Estate, supra.* The Orphans' Court found that "the evidence simply does not show that Caren Ross and Dennis Klinger dealt with each other on unequal terms, nor does it show that Dennis Klinger was an over-mastering influence over Caren Ross." This conclusion is amply supported by the record. The appellants presented Robert Le Strange, a licensed private investigator who had been retained by Milton Ross, the estranged husband of the testatrix and who had observed the testatrix for a period of three years. Mr. Le Strange testified that over a six month period, beginning in the Spring of 1974, he observed the testatrix with the appellee "rather frequently." There is no indication whatsoever that the appellee took advantage of or in any way had an over-mastering influence over the testatrix. Furthermore, there is no indication that there was any weakness or dependence of the testatrix on the appellee. The record, therefore, does not show that the appellants established a confidential relationship between the testatrix and the appellee by clear and convincing evidence.

We are also not convinced that the appellants sustained their burden of demonstrating that the testatrix was of weakened intellect at the time she made her Will. The appellants attempted to show through various witnesses that the testatrix used and abused numerous drugs which had been prescribed for her. However, the evidence of drug usage during 1974 was quite minimal. Dr. Charles Phillip O'Brien, an expert witness for the appellants, stated that he could not give an expert opinion regarding testatrix's drug condition after December, 1973, since there was no evidence to show that she even took drugs after 1973. Dr. O'Brien did testify that it would be highly unlikely that

she could completely free herself from drug abuse overnight, but it is noteworthy that the Will was signed in December, 1974, approximately one year after the time when the testimony indicates she was receiving large quantities of prescription drugs.

The appellants also presented Dr. Harry Fields, testatrix's gynecologist. He testified that he prescribed certain drugs for her in September, 1974, but this evidence does not show that Caren Ross was incapable of handling her own affairs or was abusing the prescribed drugs. Dr. Fields testified that he saw the testatrix on August 12, 1974, and she was not her lively, cheerful self. However, he stated that he was aware that the testatrix was going through a bitter divorce and that in his professional opinion, a woman who is having difficulty seeing her children would be upset and less lively than usual. He also testified that in all other aspects, he was able to communicate with her and she was able to comprehend what was being said.

The record also indicates that Mr. Oshtry, the scrivener of the Will, testified that he questioned the testatrix concerning her failure to name her children as beneficiaries. According to Mr. Oshtry, the testatrix stated that she did not trust her former husband and that her former husband and her mother had plenty of money and she believed her children would be well taken care of. Further, she indicated that she believed that if anything happened to her, Dennis Klinger would care for her children. We note that it is not an unusually strange disposition of property for a person who is in the midst of a disputed divorce and custody battle to provide in her Will that her property would not go to the parties with whom she was having the dispute.

Therefore, we find that the appellants did not establish by clear and convincing evidence that the testatrix was subject to undue influence at the time she made her Will. The evidence introduced in the Court below to establish undue influence is based primarily on the testatrix's history of drug usage and falls short of the necessary showing that

44

appellee in any way imprisoned the body or mind of the testatrix or exercised moral coercion destroying her free agency when making her Will, *Ziel Estate, supra.* Furthermore, the evidence does not clearly indicate that the testatrix was of weakened mental capacity making her subject to such coercion. Therefore, the burden of proof does not shift to the proponent of the Will but remains with the contestant.[3]

■ In addition, the appellants contend that the trial court improperly placed the burden of proof upon the contestants when the evidence showed that the scrivener had a conflict of interest in representing the testatrix and the beneficiary, Dennis Klinger. Evidence in the record does indicate that the scrivener, Norman Oshtry, Esquire, had previously represented Dennis Klinger. Appellants argue that when a will has been prepared by an attorney associated with the beneficiary, an explanation is called for and it is a question of fact for the jury to decide whether the proffered explanation is adequate, citing *In Re: Will of Elmore,* 346 N.Y.S.2d 182, 42 A.D.2d 240 (1973). In the instant case, the scrivener was neither related to nor associated with Dennis Klinger. He had merely performed legal services for Mr. Klinger in the past and the Court does not find it unusual for an attorney to receive a referral of a client from a previous client.

Furthermore, the evidence presented does not indicate that the appellee, Dennis Klinger, was ever present during the two times when Norman Oshtry met with Caren Ross nor does it indicate that Dennis Klinger had any input whatsoever into the making of the Will nor do the facts

3. Additionally we note that the appellants place too much emphasis on the fact that the testatrix did not leave her property to her children. It has always been the law of Pennsylvania that a parent does not have to leave any of her property to any of her children and does not have to disclose her reasons for disinheriting them. *In Re Sommerville's Estate,* 406 Pa. 207, 214, 177 A.2d 496, 499 (1962). In the instant case the fact that the testatrix chose to disinherit her children in no way indicates the existence of undue influence.

indicate that Dennis Klinger was even aware of the existence of this Will at the time it was drafted.

■ Finally, the appellants advance the argument that the adjudication filed from the petition sur appeal failed to conform with Pa.R.C.P. 1517(a), 42 Pa.C.S.A., as required by Rule 3.1 of the Orphans' Court Rules. Rule 1517(a) provides:

### Rule 1517. The Adjudication. Notice

(a) The court shall make an adjudication and may do so before the testimony has been transcribed. The adjudication shall consist of (1) a statement of the issues; (2) a closely condensed chronological statement, in narrative form or in separate findings, of all the facts which are necessary to be known in order to determine the issues; (3) a discussion of the questions of law involved and the court's conclusions of law and (4) a decree nisi.

The purpose of this rule is to assure that the adjudication provides an adequate basis for appellate review. *Fiumara v. Fiumara*, 285 Pa.Super. 340, 427 A.2d 667 (1981). The appellants, however, fail to state any prejudice which they suffered as a result of the claimed failure of the Orphans' Court to file an Order which conformed with Rule 1517(a). They do not cite any reasons or undisputed facts concerning any inability to file proper exceptions to the adjudication or to properly frame the issues. Furthermore, the appellants did file timely exceptions. At no time did they indicate to the Judge that they could not adequately prepare exceptions nor that there was ever any question as to facts or law. Therefore, the purpose of Rule 1517(a) has been fulfilled. To remand this case based on this contention would merely serve to delay the settlement of an estate which currently has been delayed for over five years.

The record fails to reveal or establish any basis in law or in fact for disturbing the decree of the trial court.

Affirmed.