580 A.2d 1127

**Paul R. PURDY, Mary Purdy, and John D. Purdy, Appellants,**

v.

**Navnitlal B. ZAVER and Girishbhai G. Patel, Appellees.**

**Girishbhai G. PATEL and Navnitlal B. Zaver, Appellees,**

v.

**Paul R. PURDY, Appellant.**

Superior Court of Pennsylvania.

Argued March 7, 1990.

Filed Sept. 28, 1990.

192

Nancy A. Patterson, New Bloomfield, for appellants (at 498) and Paul R. Purdy, appellant (at 499).

Melville G.M. Walwyn, Harrisburg, for Zaver, appellee.

Gloria J. McPherson, Shermansdale, for Patel, appellee.

Before WIEAND, TAMILIA and POPOVICH, JJ.

WIEAND, Judge:

On or about March 23, 1985, Paul R. Purdy, his wife Mary, and their three adult children agreed to sell to Navnitlal B. Zaver, who agreed to buy, the Park Motel, an ongoing business in Watts Township, Perry County, for two hundred ninety thousand ($290,000) dollars. Pursuant to the further terms of the agreement, possession of the motel and title to all business assets except the real estate were delivered to Zaver upon payment of fifty thousand ($50,000) dollars. The balance of the purchase price was payable in installments, and the real estate was held as security therefor, with title to be conveyed upon payment of the balance

in full. The sellers also retained the right to use certain easements which they deemed necessary for the enjoyment of their remaining land situated to the rear of the motel. The buyer was required by the terms of the agreement to keep the motel in good condition.

On May 1, 1987, Zaver resold the motel business and assigned his rights in the real estate to Girishbhai G. Patel, subject to rights reserved to Purdy, for the sum of three hundred forty thousand ($340,000) dollars. Purdy consented to the sale but did not release Zaver from the obligations which he had assumed under the original agreement of sale.

On May 4, 1988, the Purdys commenced an action in ejectment to recover possession of the motel real estate.[1] They contended that Patel had defaulted in two monthly payments and had failed to maintain the motel in good condition. Patel and Zaver thereafter commenced an action in equity seeking to enjoin Paul Purdy's use and alleged abuse of disputed easements, including (1) a right of way through the motel property to garages owned by Purdy at the rear of the motel; (2) a fifteen foot right of way around three sides of the motel property; (3) a right of way in favor of the motel property over an additional fifteen feet along the motel's eastern border; and (4) the right to use the motel pool and well. The two actions were consolidated for trial without jury, and, following such trial, a decree nisi was entered which (1) dismissed the action in ejectment; (2) confirmed the Purdys' several rights of way so long as the use thereof did not impair the legitimate use and enjoyment of the motel property; (3) confirmed Patel's right of way over the entire width of the driveway along the motel's eastern border; (4) limited the Purdys' use of the well to an additional year; and (5) terminated the Purdys' use of the motel pool.[2] Exceptions were dismissed, and the decree nisi

1. The Purdy children had assigned their interests in the agreement to their parents.

2. The decree nisi entered by the trial court was, in relevant part, as follows:

AND NOW, December 27, 1988, following argument it is ORDERED AND DIRECTED as follows:

was entered as the final decree. The Purdys appealed. They contend (a) that the trial court's adjudication failed to comply with the formal requirements of Pa.R.C.P. 1517(a); (b) the easements were not ambiguous; and (c) the trial court erred by dismissing the action in ejectment.

■ Pa.R.C.P. 1517(a), which has application to adjudications in actions of equity, provides as follows:

**Rule 1517. The Adjudication. Notice**

(a) The court shall make an adjudication and may do so before the testimony has been transcribed. The adjudication shall consist of (1) a statement of the issues; (2) a closely condensed chronological statement, in narrative form or in separate findings, of all the facts which are necessary to be known in order to determine the issues; (3) a discussion of the questions of law involved and the court's conclusions of law and (4) a decree nisi.

1. The fifteen feet reservation in favor of Mr. Purdy bordering three sides of the property is confirmed in favor of Mr. Purdy, but his use and enjoyment therein is subordinate to the legitimate use and enjoyment of the motel property.

2. The thirty feet access area to the up riverside of the motel is confirmed to exist in favor of the motel with the motel owning approximately fifteen feet down riverside and Mr. Purdy owning fifteen feet up riverside, but with the motel having the right to the reasonable use and enjoyment of Mr. Purdy's fifteen feet.

3. The aforesaid fifteen feet reservation around the exterior of the motel property line in the judgment of the Court satisfies Mr. Purdy's reservation of a right of way to service Tract No. 2 in Deed 356, page 301. This interpretation, in the judgment of the Court, effectively services the tract, but it is clear to the Court that the encumbrance created or existing on the motel property is subordinate to legitimate motel use.

4. The use of the well appears to be a private use which does not pass to heirs and assigns of Mr. Purdy and further appeared to the Court to be temporary, but without any definite limiting time period other than a reasonable period of time for Mr. Purdy to secure adequate water for his residence. Accordingly, it is Directed that the use of the well continue for a period no longer than one (1) year to date from this date at the expiration of which said use shall expire.

5. With respect to the pool, this is also deemed a personal use which is effectively extinguished by the transfer of the motel property to the present purchasers. Thus pool use ceases immediately.

"The rule no longer requires numerated findings of law and fact, but rather 'allows an adjudication and discussion in narrative form.' " *Fiumara v. Fiumara,* 285 Pa.Super. 340, 347, 427 A.2d 667, 670 (1981), citing *Omrcanin v. Hassler,* 8 Pa.Commw. 224, 226 n. 2, 302 A.2d 878, 882 n. 2 (1973). Compliance with the rule ensures that the adjudication will provide an adequate basis for appellate review. *Matter of Estate of Ross,* 316 Pa.Super. 36, 45, 462 A.2d 780, 785 (1983), citing *Fiumara v. Fiumara, supra.*

▪ In the instant case, the trial court failed to comply with the rule. Its decree nisi was not supported by a statement of the facts, a statement of the issues, or a discussion of the law or the court's legal conclusions. For this reason, we could properly decline to provide appellate review and remand for an adjudication in conformity with the rule. See: *Thompson v. Thompson,* 451 Pa. 546, 301 A.2d 644 (1973); *Balin v. Pleasure Time, Inc.,* 243 Pa.Super. 61, 364 A.2d 449 (1976). After appellant had filed exceptions asserting the absence of an adequate adjudication, however, the trial court filed a supporting memorandum. Thereafter, the exceptions were dismissed, and a final decree was entered. This procedure may, indeed, have impaired appellants' ability to define with precision the issues for post-trial review, but, having made allowance for the general nature of the exceptions filed by appellants to the trial court's inadequate adjudication, we believe we can review in a meaningful way the issues identified by appellant and thereby avoid the inefficiency inherent in a remand.

▪ "Appellate review of equity matters is limited to a determination of whether the chancellor committed an error of law or abused his discretion. The scope of review of a final decree in equity is limited and will not be disturbed unless it is unsupported by the evidence or demonstrably capricious." *Hostetter v. Hoover,* 378 Pa.Super. 1, 6–7, 547 A.2d 1247, 1250 (1988), *allocatur denied,* 523 Pa. 642, 565 A.2d 1167 (1989), quoting *Rosen v. Rittenhouse Towers,* 334 Pa.Super. 124, 129, 482 A.2d 1113, 1116 (1984) (citations

omitted). The test employed is not whether the appellate court would have reached the same result as the trial judge, who heard and saw the evidence, but whether a judicial mind, on due consideration of the evidence, could reasonably have reached the conclusion of the trial judge. See: *Yuhas v. Schmidt,* 434 Pa. 447, 454, 258 A.2d 616, 619–620 (1969); *Masciantonio Will,* 392 Pa. 362, 367, 141 A.2d 362, 365 (1958). See also: 16 Std.Pa.Prac.2d § 91:155.

The motel property was sold in 1985 free and clear of encumbrances,

> except rights of ingress and egress, mutual rights to use the road between the motel and parking lot, easement as shown on Exhibit "A", liens and encumbrances created by or caused by Buyer, and existing restrictions or easements of record or visible by inspection....

Exhibit "A", attached to the agreement, appeared as follows:

The trial court held that the Purdys had reserved a fifteen (15′) foot wide easement around the perimeter of

the motel property, but held that it could not be used in a manner which impaired the right of the motel owner and his patrons to use the property for its intended purpose. This was not error. The owner of a dominant estate may not exercise the rights granted to him or her without regard to the rights of the servient owner. *Associates of Philipsburg v. Hurwitz,* 292 Pa.Super. 406, 414 n. 1, 437 A.2d 447, 451 n. 1 (1981), citing *Piper v. Mowris,* 466 Pa. 89, 351 A.2d 635 (1976) and *Taylor v. Heffner,* 359 Pa. 359 Pa. 157, 163, 58 A.2d 450, 454 (1948).

When the Purdys sold the motel there existed a thirty foot wide road along the eastern edge of the real estate being sold. This road had been used and was then being used for access to the motel. The tract to be conveyed to Zaver contained one-half of this road, or fifteen (15′) feet thereof. The other half was located on land which was retained by the Purdys. The trial court held that both parties had a right to use this right of way to a width of thirty (30′) feet. Appellants contend that their agreement clearly defined the land to be conveyed and that it did not include any right to use the portion of this right of way which existed on the land which they had retained. We agree with the trial court.

"It has long been held in this Commonwealth that although the language of a granting clause does not contain an express reservation of an easement ..., such an interest may be reserved by implication, and this is so notwithstanding that the easement is not essential for the beneficial use of the property." *Burns Manufacturing Co. v. Boehm,* 467 Pa. 307, 313–314, 356 A.2d 763, 767 (1976). See generally: 12A P.L.E. Easements §§ 31, 32. "[W]here an owner of land subjects part of it to an open, visible, permanent and continuous servitude or easement in favor of another part and then aliens either, the purchaser takes subject to the burden or the benefit as the case may be." *Tosh v. Witts,* 381 Pa. 255, 258, 113 A.2d 226, 228 (1955). This is so irrespective of whether or not the easement constitutes a necessary right of way.

*Id.; Burns Manufacturing Co., Inc. v. Boehm, supra,* at 314, 356 A.2d at 767. See also: *Lauderbach–Zerby Co. v. Lewis,* 283 Pa. 250, 254–255, 129 A. 83, 84 (1925). An easement by implication may be acquired where the intent of the parties is clearly demonstrated "by the terms of the grant, the surroundings of the property and other res gestae of the transaction." *Tomlinson v. Jones,* 384 Pa.Super. 176, 179, 557 A.2d 1103, 1104 (1989), quoting *Thomas v. Deliere,* 241 Pa.Super. 1, 4, 359 A.2d 398, 399 (1976). See also: *Philadelphia Steel Abrasive Co. v. Louis J. Gedicke Sons,* 343 Pa. 524, 527, 23 A.2d 490, 492 (1942).

*Hann v. Saylor,* 386 Pa.Super. 248, 251–252, 562 A.2d 891, 892–893 (1989). See also: *Buffington v. Buffington,* 390 Pa.Super. 61, 67–70, 568 A.2d 194, 197–198 (1989); *Tomlinson v. Jones,* 384 Pa.Super. 176, 179, 557 A.2d 1103, 1104 (1989).

Here, the evidence disclosed that the Purdys, while they operated the motel, had used the roadway to its full extent as one of two routes to the parking lot in front of the motel. When Zaver conducted the motel business, the roadway was also used to a width of thirty (30′) feet. It was not until after the motel had been sold to Patel that the Purdys attempted to limit the portion of the roadway which could be used for motel purposes. The evidence, therefore, confirms the intent of the parties to create an implied easement over the fifteen feet remaining on appellant's land.

The Purdys also claim an easement in the form of a right of way running through the center of the motel property. This right of way, appellants contend, was created by an intra family conveyance prior to the sale of the motel property. The language used by appellants, however, is inadequate to establish a right of way through the center of the motel. The language as to the location of this right of way is not only vague, but the right of way around the perimeter of the motel is so located as to comply in all respects with the vague language which Purdy attempted

to insert into his chain of title.[3] There is nothing in prior deeds or in the agreement of sale between the Purdys and Zaver that would create a right of way in the location now contended by appellant.

■ The 1984 family deed also contained language which permitted the families of the grantor and grantee to use jointly the motel swimming pool. Specifically, the deed provided

The grantees and grantors shall share the use of the well and pool located on Tract No. 1 with access to same and neither party shall install a sewer system within eighty (80′) feet of the well.

The trial court held that this agreement did not run with the land but was a family agreement intended to continue only so long as the Purdys owned the motel. This was an eminently reasonable interpretation of this provision in the deed. If appellants had wished to reserve the personal privilege of using the motel pool after they sold the motel, it was not unreasonable to require that they insert a provision in the agreement of sale which would have reserved the same. The absence of such a reservation suggests most strongly that a right to use the pool was not intended to be retained.

■ We agree with appellants, however, that the trial court erred when it limited their right to use water from the well for a period of one year following the court's decree. Exhibit "A" attached to the agreement identified a fifty foot easement around the well, and paragraph 16 of the agreement of sale provided:

**3.** The language inserted into the Purdy intra family deed is as follows:
Further granting and conveying to the grantees herein, their heirs and assigns a thirty (30′) foot right of way beginning at the northeast corner of tract, recorded in Deed Book 162, page 285, (the five plus acres originally acquired by Purdy from Lauvers in the 1960 deed) and further granting and conveying to the grantees herein, their heirs and assigns a right of way from Tract No. 2 of this conveyance to the above mentioned right of way to be decided at a later date.

16. Sellers shall have the right to continue to use water from the well on the subject tract for their garage, garden, and other business or personal use.

Whether this was an easement intended to run with the land need not now be decided. The privilege of drawing water from the well, in any event, was not limited in time; and nothing in the language creating the right suggests that it was to continue only until the sellers had had a reasonable time within which to acquire another source of water. When the trial court attempted to limit the period during which water could be drawn from the well, it attempted to rewrite the agreement between the parties. This was improper. Appellants' right to use water from the motel well, of course, is neither exclusive nor unlimited. If the right is abused in any way, if the operation of the motel is impaired by appellants' abuse of the right to use water from the motel well, the operator of the motel is not without remedy. In the meantime, such a possibility does not warrant the imposition of an arbitrary time limit to which the parties did not agree.

 Appellants' contention that the trial court erred in dismissing their action in ejectment is without merit. The trial court found as fact that the installment payments required by the agreement had been timely made and that Patel had maintained the motel property in good condition. These findings are fully supported by the evidence. Therefore, appellants were not entitled to reclaim possession of the motel property in an action of ejectment. See: *Soffer v. Beech,* 487 Pa. 255, 261–262, 409 A.2d 337, 340–341 (1979); *Grossman v. Hill,* 384 Pa. 590, 593–594, 122 A.2d 69, 71 (1956), citing *Brennan v. Shore Brothers, Inc.,* 380 Pa. 283, 110 A.2d 401 (1955); *Busin v. Whiting,* 369 Pa.Super. 563, 565, 535 A.2d 1078, 1079–1080 (1987).

The trial court's decree is modified by striking therefrom the one year limitation upon appellants' right to use water from the well situated on the motel property. As so modified, the decree is affirmed.

TAMILIA, J., files a dissenting opinion.

202

TAMILIA, Judge, dissenting.

I respectfully dissent to the disposition of the majority as I believe we are without jurisdiction to review this matter. By ignoring Pa.R.C.P. 1517(a), which requires a timely adjudication prior to entry of a decree nisi, the trial court failed to provide appellant the opportunity to properly prepare to argue its case before it, and despite a subsequent supporting memorandum, the trial court has not provided this Court the type of record required for review by 1517(a). My reading of *Thompson v. Thompson*, 451 Pa. 546, 301 A.2d 644 (1973), and *Balin v. Pleasure Time Inc.*, 243 Pa.Super. 61, 364 A.2d 449 (1976), leads me to conclude Rule 1517(a) must be strictly construed, and the language of the rule permits no other interpretation. A memorandum after exceptions are filed is not a substitute for the necessary findings prior to a decree nisi. To proceed with appellate review under the procedural posture of this case would establish a precedent which nullifies Rule 1517(a) and overrules *Thompson* and *Pleasure Time Inc., supra.*

I would vacate the decree of the trial court and remand for adjudication in conformity with Rule 1517(a).