# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Bullock and Jennifer Bullock,   :
               Appellants   :
                                :   No. 1582 C.D. 2023
             v.              :
                                :   Submitted:  December 9, 2024
Hemlock Farms Community        :
Association and Leeward Construction,  :
Inc.                             :

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE LORI A. DUMAS, Judge
               HONORABLE STACY WALLACE, Judge

### _OPINION NOT REPORTED_

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                             **FILED:  January 29, 2025**

Richard Bullock and Jennifer Bullock (Appellants) appeal from a decision entered by the Court of Common Pleas of Pike County (trial court) on December 4, 2023, which denied Appellants the equitable relief sought from Hemlock Farms Community Association (HFCA).[1]  For the following reasons, we are unable to conduct a meaningful appellate review and, therefore, vacate the judgment, the trial court's order denying post-trial relief, and the trial court's decision, and we remand with instructions that it set forth a pertinent discussion of the relevant facts and law.

---

[1] Appellants' amended complaint pleaded two claims against Leeward Construction, Inc. (Leeward).  _See_ Am. Compl., 12/30/21.  Those claims are not at issue in this appeal.

## I. BACKGROUND[2]

Appellants own real property at 109 Tupelo Drive in Hawley, which is located within the Hemlock Farms Community. HFCA is a non-profit organization that manages and operates the community.

In January 2019, Appellants granted HFCA an easement across their property for the purpose of constructing flood control improvements, including a drainage pipe, in exchange for a nominal payment and a promise to mitigate the impact and appearance of the drainage pipe. The easement was approximately 20 feet at its widest point.

HFCA hired Leeward to construct the improvements, whose work commenced in the Summer of 2019. In August, however, Appellants learned that the construction impacted an area larger than the agreed upon easement and, due to the manner of its construction, damaged the value of Appellants' property and interfered with their ability to use and enjoy the property.

In April 2021, Appellants commenced this action by writ of summons. Appellants filed a complaint in October 2021, and an amended complaint in December 2021. In relevant part, Appellants sought a mandatory injunction in the form of the removal of the drainage pipe and earthen mound that fell outside the easement area. *See* Am. Compl., 12/30/21, ¶¶ 28-34. HFCA filed a preliminary objection to this equitable claim, pleading that there was an adequate legal remedy available. *See* Prelim. Objs. to Am. Compl., 1/25/22, ¶¶ 19-35. However, the trial court overruled the preliminary objection, reasoning that Appellants should be

---

[2] Generally, following a non-jury trial, we would defer to the findings of the trial court and consider the evidence in the light most favorable to the winner. *See Brandywine Hosp., LLC v. Cnty. of Chester Bd. of Assessment Appeals*, 291 A.3d 467, 473 n.1 (Pa. Cmwlth. 2023). However, in light of our disposition, we derive this brief statement of facts from Appellants' amended complaint. *See* Am. Compl.

2

permitted to seek injunctive relief for the alleged trespass because money damages could be insufficient to deter similar encroachments. Trial Ct. Order, 4/18/22, at 3 (citing *Ochroch v. Kia-Noury*, 497 A.2d 1354 (Pa. Super. 1985)).

After the close of pleadings, the trial court severed the equitable and legal claims. Trial Ct. Order, 8/9/23. The trial court determined to resolve the equitable claim by non-jury trial, after which the parties could seek a jury trial on the remaining legal claims. *See id.*

On November 30, 2023, the trial court held a non-jury trial. At the close of trial, the court issued no findings of fact but explained that it would review the record and then issue a decision. Notes of Testimony (N.T.) Trial, 11/30/23, at 192. The trial court issued its decision on December 4, 2023, tersely stating that "[b]ased on the trial record, we conclude that the law does not provide for the equitable relief sought in this instance." Trial Ct. Order, 12/4/23.[3]

Appellants timely filed a motion for post-trial relief, asserting that their evidence was unrebutted and that similar injunctive relief was well established in the law of this Commonwealth. Mot. for Post-Trial Relief, 12/13/23, at 2-4 (unpaginated) (citing, *e.g.*, *Ochroch* and *Big Bass Lake Cmty. Assoc. v. Warren*, 950 A.2d 1137 (Pa. Cmwlth. 2008)). The trial court denied the motion without explanation. Trial Ct. Order, 12/18/23. Thereafter and notwithstanding the trial

---

[3] The court identified this order as a "verdict." *See* Trial Ct. Order, 12/4/23. Technically, it is "procedurally impossible" for a judge sitting without a jury to enter a verdict; rather, the trial court renders a decision. *Commonwealth by Shapiro v. Progress Auto Salvage, Inc.* (Pa. Cmwlth., No. 1311 C.D. 2022, filed 1/16/24), slip copy at 2-3 n.5, 2024 WL 165156, at *1 n.5 (quoting *Sands v. Andino*, 590 A.2d 761, 764 (Pa. Super. 1991)); Pa.R.Civ.P. 227.4(1), 1038. We may cite unpublished decisions of this Court as persuasive authority pursuant to Section 414(a) of our Internal Operating Procedures. 210 Pa. Code § 69.414(a). Additionally, we may rely on Superior Court decisions as persuasive authority. *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

court's denial, HFCA responded to Appellants' motion, challenging Appellants' evidentiary claims and distinguishing the precedent cited. Resp. in Opp'n to Mot. for Post-Trial Relief, 12/20/23.

Appellants appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement in which they claimed the trial court's decision was against the clear weight of the evidence and counter to well-established precedent. Pa.R.A.P. 1925(b) Statement, 1/11/24. In response, the trial court issued a brief statement, which did not address the concerns raised by Appellants or explain its decision but nonetheless requested that this Court affirm its decision. Trial Ct. Op., 1/29/24.

Upon a preliminary review of the record, this Court directed the parties to address the appealability of the trial court's decision because it was unclear whether the trial court's orders, entered December 4 and 18, 2023, were appealable as of right. Cmwlth Ct. Order, 5/6/24. The parties have complied. *See generally* Appellants' Br.; HFCA's Br. Upon further review, it became apparent that the trial court had neither entered judgment nor ordered the local prothonotary to do so. Accordingly, we further directed Appellants to praecipe the trial court prothonotary for entry of judgment.[4] Cmwlth Ct. Order, 12/3/24. Appellants complied; judgment has been entered; and we now consider the appeal.

## II. ISSUES

Appellants address three issues. Appellants first assert that the trial court's decision constitutes a final and appealable order, where it followed a non-jury trial on Appellants' equitable claims, which had been severed from their legal claims. *See* Appellants' Br. at 5. Second, Appellants maintain that the trial court's decision was against the clear weight of the evidence. *See id.* Third and finally,

---

[4] *See Mitchell v. Milburn*, 199 A.3d 995, 999 n.2 (Pa. Cmwlth. 2018); Pa.R.Civ.P. 227.4, 1038 *Note* ("A decision is not a final decree, also known as a judgment.").

4

Appellants contend that the trial court committed a clear error of law because it is well established that a landowner who suffers a trespass may compel the removal of the trespass. *See id.*

## III. DISCUSSION[5]

### A. The Trial Court's Decision is Appealable

Initially, we consider whether the trial court's decision constitutes an appealable order. Appellants assert that the decision is appealable because the trial court had severed Appellants' equitable claims from their legal claims prior to the non-jury trial. Appellant's Br. at 13. Appellants draw a distinction between severance and bifurcation. According to Appellants, the two phases of a bifurcated trial are viewed as two halves of a single proceeding, but a severance splits an action into multiple, independent actions for all purposes. *Id.* (citing *McCutcheon v. Phila. Elec. Co.*, 788 A.2d 345, 350 n.8 (Pa. 2002); *DiDio v. Phila. Asbestos Corp.*, 642 A.2d 1088, 1093 (Pa. Super. 1994)).

Appellants maintain that their preferred remedy is the complete removal of the drainage pipe and the restoration of their land. *Id.* at 13-14. Therefore, according to Appellants, they specifically requested (and were granted) a severance in this case because a favorable outcome on the equitable claims in the non-jury trial would obviate the need to proceed with a jury trial on their legal claims.[6] *Id.*

---

[5] Following a non-jury trial, we will consider whether the findings of the trial court are supported by substantial evidence and whether the court committed an error of law. *Brandywine Hosp., LLC*, 291 A.3d at 473 n.1.

[6] For its part, HFCA agrees. According to HFCA, "given the procedural history of this action at the trial court, . . . it is appropriate for the Court to hear Appellants' appeal at this time." HFCA's Br. at 13 (citing *DiDio v. Phila. Asbestos Corp.*, 642 A.2d 1088, 1093 (Pa. Super. 1994)).

Whether a trial court's order is appealable is a threshold issue that implicates our jurisdiction.[7] *McCutcheon*, 788 A.2d at 349. Unless otherwise permitted by rule or statute, an appeal lies only from a final order. *Id.* A final order is one that "ends the litigation as to all claims and as to all parties." *McCutcheon*, 788 A.2d at 350; Pa.R.A.P. 341. By generally requiring a final order, we also strive for judicial economy and to avoid "piecemeal determinations and the consequent protraction of litigation." *Stevenson v. Gen. Motors. Corp.*, 521 A.2d 413, 417 (Pa. 1987).

However, a trial court may sever claims and direct that they proceed by separate trials. Pa.R.Civ.P. 213(b).[8] "The decision whether to sever or bifurcate under Rule 213(b) is entrusted to the discretion of the trial court, which is in the best position to evaluate the necessity for taking measures the rule permits." *Austin v. Lehigh & Northampton Transp. Auth.*, 309 A.3d 252, 261 (Pa. Cmwlth. 2024) (quoting *Ball v. Bayard Pump & Tank Co., Inc.*, 67 A.3d 758, 767 (Pa. 2013)).

As suggested by Appellants, there is a distinction between severance and bifurcation. In *Stevenson*, for example, the trial court bifurcated a product liability claim into liability and damage phases. 521 A.2d at 414. A jury found the defendant liable for a steering defect that caused an automobile crash and multiple fatalities. *Id.* The case proceeded to the damage phase, and a separate jury returned a verdict favorable to the plaintiffs. *Id.* at 414-15. However, citing testimony from

---

[7] The Commonwealth Court has exclusive appellate jurisdiction over final orders from the courts of common pleas in cases involving non-profit corporations. 42 Pa.C.S. § 762(a)(5).

[8] Rule 213(b) provides:

> The court, in furtherance of convenience or to avoid prejudice, may, on its own motion or on motion of any party, order a separate trial of any cause of action, claim, or counterclaim, set-off, or cross-suit, or of any separate issue, or of any number of causes of action, claims, counterclaims, set-offs, cross-suits, or issues.

Pa.R.Civ.P. 213(b).

6

plaintiffs' personal psychiatrist that they were "unreliable historians", the trial court granted the defendant a new trial on liability. *Id.* at 415.

On appeal, the *Stevenson* Court stressed avoidance of piecemeal resolution of disputes. *Id.* at 416-17. Adhering to that principle, the Court reasoned that "the bifurcation of a single cause of action into liability and damages based on general [tort] principles . . . does not constitute a severance[] but allows for a pause in the proceeding after a jury finding of liability has been announced." *Id.* at 417. Thus, the *Stevenson* Court discerned no error, viewing the bifurcation as a method to determine an element of the cause of action and not a final determination as to the rights and liabilities between the parties.[9] *See id.* at 418.

Conversely, in *DiDio*, plaintiffs successfully litigated asbestos claims against multiple defendants. 642 A.2d at 1089-90. During the liability phase of the proceedings, the trial court *sua sponte* severed cross-claims by one of the defendants, Owens-Illinois Glass Company (Owens). *Id.* at 1091. Multiple defendants appealed, but Owens principally challenged the Superior Court's jurisdiction, asserting that in the absence of an adjudication of its cross-claims, the trial court had not issued a final order. *Id.* at 1093.

Succinctly, the Superior Court rejected this jurisdictional argument, concluding that when a trial court severs two related causes of action, "a final order disposing of only one of them is not interlocutory despite the fact that the other is outstanding." *Id.* at 1093. Further, the Superior Court discerned no abuse of the trial court's discretion where it had determined that "the cross-claims brought by

---

[9] The *Stevenson* Court also cautioned that "the decision to bifurcate should only be made after the careful consideration of the trial judge . . . [who is] alert to the danger that evidence relevant to both issues may be offered at only one-half of the trial." *Stevenson*, 521 A.2d at 419.

7

[Owens] were most likely a delay tactic which would only serve to unduly prolong appellees' action." *Id.* at 1094.

The *McCutcheon* Court summarized the distinction between severance and bifurcation as follows. "While the two phases of a bifurcated trial are viewed as two halves of a single proceeding, a severance of actions effects a splitting of them into one or more independent actions for all purposes, including trial and appellate procedure." *McCutcheon*, 788 A.2d at 350 n.8 (cleaned up).

In this case, the trial court's action is more akin to the decision of the court in *DiDio* to sever Owens' cross-claims, where it sought to avoid "unduly prolong[ing]" the litigation. *DiDio*, 642 A.2d at 1094. Similarly, the trial court granted Appellants' motion to sever based on their representations that separate bench and jury trials to address their equitable and legal claims could perhaps facilitate a more efficient resolution of the entire case, particularly where a favorable decision on their equitable claims would eliminate any need for a jury trial. *See* Mot. to Sever, 6/13/23; *see also* Appellants' Br. at 14 (a decree directing HFCA to remove the drainage pipe and restore their land "would completely satisfy Appellants and cause them to withdraw their remaining legal claims").

The trial court granted this very specific and unambiguous request for severance. In so doing, we discern no abuse of the court's discretion. *See Austin*, 309 A.3d at 261. Accordingly, we deem the trial court's decision entered December 4, 2023, final and appealable. *McCutcheon*, 788 A.2d at 350 n.8; *DiDio*, 642 A.2d at 1093.

**B. The Trial Court's Decision is Unreviewable**

Substantively, Appellants have challenged the trial court's decision on factual and legal grounds. *See* Appellants' Br. at 5, 14-22. In appeals from non-jury

8

decisions, this Court will consider whether a trial court's findings are supported by substantial evidence and whether the court committed an error of law. *Brandywine Hosp., LLC*, 291 A.3d at 473 n.1. However, we are unable to conduct a meaningful review of the decision in this case.

Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure requires a trial judge to "file of record at least a brief opinion of the reasons" that justify the court's order, "if the reasons for the order do not already appear of record . . . ." Pa.R.A.P. 1925(a). The purpose of this rule "is to facilitate appellate review of a particular trial court order. Additionally . . . the rule fulfills an important policy consideration by providing . . . the legal basis for a judicial decision." *Commonwealth v. Parrish*, 224 A.3d 682, 692 (Pa. 2020).

Generally, the lack of an opinion will require a remand to the trial court with instructions that an opinion be prepared and returned to the appellate court. *See, e.g.*, *Artisan Constr. Grp., LLC v. Zoning Hr'g Bd. of Upper Pottsgrove Twp.*, 275 A.3d 80 (Pa. Cmwlth. 2022) (remanding with instructions that the trial court explain its decision to reverse a zoning board's denial of an application for variance); *but see, e.g.*, *Lemon v. Dep't of Transp., Bureau of Driver Licensing*, 763 A.2d 534, 537 (Pa. Cmwlth. 2000) (declining to remand where "the record [was] sufficient for appellate review; all of the issues raised [were] issues of law; and we may affirm if [the trial court's] order can be upheld on any ground").

However, we note further that Rule 1038 of the Pennsylvania Rules of Civil Procedure outlines the manner in which a non-jury trial shall proceed. The rule provides that a trial "shall be conducted as nearly as may be as a trial by jury is conducted and the parties shall have like rights and privileges . . . ." Pa.R.Civ.P. 1038(a). Importantly, the rule further instructs that "[t]he decision of the trial judge

9

may consist only of general findings as to all parties but shall dispose of all claims for relief." Pa.R.Civ.P. 1038(b). While the rule is permissive, and there is no express requirement that the trial judge issue specific findings of fact and conclusions of law, we believe Rule 1038 imparts on the trial judge a responsibility to explain her decision sufficiently that the parties may file an informed post-trial motion and response, and an appellate court can ascertain the facts and legal reasons that support the decision.

Actions proceeding in equity were governed previously by former Rule 1517, which required a discussion of relevant facts in narrative form. *See Omrcanin v. Hassler*, 302 A.2d 878, 882 n.2 (Pa. Cmwlth. 1973); Pa.R.Civ.P. 1517 (rescinded Dec. 16, 2003). "Without specific findings of fact, an equity decree [was] not valid." *Puleo v. Thomas*, 624 A.2d 1075, 1077 (Pa. Super. 1993). "Compliance with the rule ensured that the adjudication . . . provide[d] an adequate basis for appellate review." *Purdy v. Zaver*, 580 A.2d 1127, 1130 (Pa. Super. 1990). Failure to provide at least a general narrative statement could result in vacatur. *See, e.g.*, *Thompson v. Thompson*, 301 A.2d 644, 646 (Pa. 1973) (vacating a decree in equity and remanding with instructions that the court issue a proper adjudication); *Puleo*, 624 A.2d at 1078 (same). Actions in equity were abolished in 2004; however, because the purpose of former Rule 1517 remains implicitly relevant to current Rule 1038, we find these cases instructive.

In this case, the trial court has not issued any findings to resolve the factual issues disputed by the parties, nor has it offered any legal reasoning in support of its decision. *See* Trial Ct. Op., 1/29/24; Trial Ct. Order, 12/18/23; Trial Ct. Order, 12/4/23. The only reasoning offered by the trial court came in response to HFCA's preliminary objections, *see* Trial Ct. Order, 4/18/22, but at that stage of the

10

proceedings, the trial court was required to accept Appellants' factual assertions as true. Moreover, its preliminary reasoning was favorable to Appellants; thus, it offers little insight into the court's ultimate decision.

We do not suggest that the trial court must adhere to its preliminary reasoning but merely emphasize that we lack any insight into the trial court's ultimate decision. Based on the presentation of evidence at the non-jury trial, the court is free to make findings it deems are supported by substantial evidence and to provide legal reasoning informed by that evidence.

## IV. CONCLUSION

In summary, the trial court properly severed Appellants' equitable and legal claims to facilitate a more efficient resolution of the entire case and perhaps eliminate any need for a jury trial. Accordingly, the trial court's decision is final and appealable. *McCutcheon*, 788 A.2d at 350 n.8; *DiDio*, 642 A.2d at 1093. Nevertheless, because the trial court has not issued even a general narrative statement of the relevant facts, nor has it offered any reasoning in support of its decision, we are unable to review the trial court's decision. Accordingly, we conclude that it is most appropriate to vacate the judgment entered and vacate the decision and the order denying Appellants' post-trial motion. We remand this matter to the trial court with instructions that it set forth a pertinent discussion of the relevant facts and law such that we may conduct an appropriate appellate review. *See Thompson*, 301 A.2d at 646; *Puleo*, 624 A.2d at 1078; Pa.R.Civ.P. 1038(b).

_____
**LORI A. DUMAS, Judge**

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Bullock and Jennifer Bullock, :
                Appellants :
                 :
                 :  No. 1582 C.D. 2023
          v. :
                 :
Hemlock Farms Community :
Association and Leeward Construction, :
Inc. :

# **O R D E R**

AND NOW, this 29th day of January, 2025, we VACATE the judgment of the Court of Common Pleas of Pike County (trial court) entered on December 4, 2024, the decision entered on December 4, 2023, as well as the order denying post-trial relief entered on December 18, 2023, and REMAND for the trial court to issue a decision supported by a pertinent discussion of the relevant facts and law.

Jurisdiction relinquished.

_____
**LORI A. DUMAS, Judge**

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Bullock and Jennifer Bullock, :
                          Appellants :
                                       :
           v.                       :
                                         :
Hemlock Farms Community         :
Association and Leeward             : No.  1582 C.D. 2023
Construction, Inc.                   : Submitted:  December 9, 2024

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE LORI A. DUMAS, Judge
                  HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

CONCURRING AND DISSENTING OPINION
BY JUDGE WALLACE                           FILED:  January 29, 2025

I agree with the Majority's conclusion that the December 4, 2023 decision of the Court of Common Pleas of Pike County (trial court) is appealable.  I also agree with the Majority that we are unable to conduct meaningful review because the trial court failed to provide its reasoning.  The trial court's sparse assertion that it found against Richard Bullock and Jennifer Bullock because, "[b]ased on the trial record, . . . the law does not provide for the equitable relief sought in this instance," is wholly inadequate to address the claims on appeal.  *See* Trial Ct. Order, 12/4/23.  However, rather than resolve this issue by vacating and remanding for a new decision, I would remand and instruct the trial court to draft an adequate opinion with findings of fact and conclusions of law.

As the Majority acknowledges, appellate courts generally remand and retain jurisdiction when the trial court fails to prepare an opinion. *See Bullock v. Hemlock Farms Cmty. Ass'n* (Pa. Cmwlth., No. 1582 C.D. 2023, filed January 29, 2025), slip op. at 9 (citing *Artisan Constr. Grp., LLC v. Zoning Hearing Bd. of Upper Pottsgrove Twp.*, 275 A.3d 80 (Pa. Cmwlth. 2022)). This is the most expedient approach, which promotes quick resolution of the claims on appeal. By retaining jurisdiction, an appellate court can instruct the trial court to issue an opinion within a specified time limit and ensure justice for the parties will not be unreasonably delayed.

In contrast, by vacating, remanding, and relinquishing jurisdiction, this Court might be subjecting the parties to either of two unwelcome outcomes. The trial court could reach the same result as before, while this time providing findings of fact and conclusions of law in support of its decision. In that case, we will have depleted the parties' time and financial resources by requiring them to litigate a second round of post-trial motions and file a second appeal just to return to the same spot they are in now. Alternatively, the trial court could reach a different result. This would deprive Hemlock Farms Community Association of its victory below through no fault of its own, possibly without an explanation as to why the trial court changed its mind.

I would not endanger the parties' resources or subject them to the uncertainty and confusion of inconsistent results by vacating and remanding for a new decision without first attempting the simpler and more expedient approach of remanding for an opinion. Remanding for an opinion will likely be enough to facilitate meaningful review. If the trial court's opinion reveals vacatur is necessary, we can address the problem then. For these reasons, I respectfully concur and dissent.

_____
STACY WALLACE, Judge